Colin BOATIN,

v.

Lauren MILLER and Salgals, Inc.,
Individually And d/b/a American
Taxi, and American Taxi

Appeal of Salgals, Inc., Individually
and d/b/a American Taxi, and
American Taxi, Appellants.

Superior Court of Pennsylvania.

Argued March 18, 2008.

Filed Aug. 14, 2008.

Joseph M. Oberlies, Philadelphia, for appellant.

Casey G. Shore, Harrisburg, for Miller.

Spero T. Lappas, Harrisburg, for Boatin.

BEFORE: STEVENS, LALLY–GREEN, and FITZGERALD *, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellants, Salgals, Inc., individually and d/b/a American Taxi, and American Taxi, appeal from the trial court's order entered on April 23, 2007, denying their petition to open default judgment. We vacate the trial court's order and remand this case to the trial court for further proceedings.

¶ 2 The facts and relevant procedural history may be summarized as follows. On December 1, 2006, Appellee Colin Boatin ("Boatin") filed a complaint against Lauren Miller ("Miller") and Appellants. In his complaint, Boatin alleged that on January 14, 2005, he was a passenger in a taxi cab owned and operated by Appellants, and sustained compensable injuries when the cab collided with a vehicle driven by Miller. Boatin further alleged that the accident was caused by Miller's and/or Appellants' negligent driving.

¶ 3 Appellants did not answer or otherwise respond to Boatin's complaint. On February 12, 2007, Boatin sent Appellants a notice of intention to take a default judgment. On March 6, 2007, Boatin filed a *praecipe* to enter judgment as to liability against Appellants. On that same day, judgment was entered against Appellants in an unstated amount.

¶ 4 On March 14, 2007, Appellants filed a petition to open judgment by default ("Pe-

* Former Justice specially assigned to the Superior Court.

tition"). Appellants alleged that the Petition was timely filed, in that it requested relief from a judgment just entered on March 6, 2007. In addition, Appellants alleged that they had a meritorious defense to Boatin's claim. Appellants averred that the accident was caused solely by Miller's negligence when she changed lanes and drove her vehicle into the taxi cab's path of travel. Appellants further alleged that their failure to respond to Boatin's complaint was excusable. Appellants averred that they retained counsel on a conditional basis on March 5, 2007, to determine whether they had insurance coverage for the accident, and that despite their counsel's efforts, he was unable to prevent the default judgment from being entered.

¶ 5 On March 15, 2007, the trial court issued an order, stating that the court was not going to entertain Appellants' Petition because it did not comply with Local Rule 205.2(a)(3). Local Rule 205.2(a)(3) required that a proposed order with a distribution legend accompany the Petition.

¶ 6 On March 20, 2007, Appellants filed a second petition to open the default judgment. Appellant's second petition complied with Local Rule 205.2(a)(3), and set forth the same allegations included in the Petition filed on March 14, 2007.

¶ 7 On April 23, 2007, the trial court denied Appellants' request that the default judgment entered against them be opened.

First, the trial court considered whether Appellants were entitled to relief from the judgment under Pa.R.C.P. 237.3(b) based on their March 14, 2007 Petition.[1] The trial court concluded that Rule 237.3(b) was unavailable to Appellants since their March 14, 2007 Petition was not entertained.

¶ 8 Next, the trial court considered whether Appellants' second petition filed on March 20, 2007, met the three-prong, common law test that applies in such matters. That is, the trial court assessed whether the second petition was promptly filed, stated a meritorious defense to the underlying claim, and offered a legitimate excuse for the delay that led to the default. *See Aquilino v. Philadelphia Catholic Archdiocese,* 884 A.2d 1269, 1283 (Pa.Super.2005). The trial court concluded that although Appellants' second petition was promptly filed and stated a meritorious defense to Boatin's cause of action, it did not set forth a legitimate excuse for Appellants' failure to respond to Boatin's complaint. Accordingly, in an opinion and order dated April 23, 2007, the trial court denied Appellants' second petition to open judgment by default. This timely appeal followed.[2]

¶ 9 Appellants raise the following issue:

1. Whether the trial court erred and abused its discretion by denying [Appellants'] petition to open judg-

---

1. Rule 237.3(b) states that "if the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense." Pa.R.C.P. 237.3(b).

2. As noted, the default judgment entered against Appellants on March 6, 2007, was as to liability only, and to date, there has been no assessment of damages. This Court has held that a party may petition to open a default judgment prior to the assessment of

damages and that an appeal from an order denying such a petition is appealable under Pa.R.A.P. 311(a)(1). *See Mother's Restaurant, Inc. v. Krystkiewicz,* 861 A.2d 327 (Pa.Super.2004) (*en banc*).

On May 25, 2007, the trial court ordered Appellants to file a Pa.R.A.P.1925(b) statement within 14 days. Appellants filed a Rule 1925(b) statement on June 6, 2007. On June 12, 2007, the trial court filed a Pa.R.A.P. 1925(a) opinion, incorporating its opinion of April 23, 2007.

ment by default when [Appellants] filed [the] petition in a timely manner, provided a reasonable explanation for [their] failure to respond and had established a meritorious defense to [Boatin's] complaint?

Appellants' Brief at 6.

¶ 10 Generally, a petition to open a default judgment is addressed to the equitable powers of the court and is a matter of judicial discretion. *Aquilino,* 884 A.2d at 1283. "A lower court's ruling refusing to open a default judgment will not be reversed unless there has been an error of law or a clear, manifest abuse of discretion." *Schultz v. Erie Insurance Exchange,* 505 Pa. 90, 477 A.2d 471, 472 (1984) (citation omitted). Moreover, the interpretation and application of a Pennsylvania Rule of Civil Procedure presents a question of law. *Touloumes v. E.S.C. Inc.,* 587 Pa. 287, 899 A.2d 343, 346 n. 4 (2006). Accordingly, our standard of review is *de novo,* and our scope of review is plenary. *Id.*

¶ 11 When construing a rule, we remain mindful that the object of all rule interpretation and construction is to ascertain and effectuate the Supreme Court's intention. Pa.R.C.P. 127(a). When the words of a rule are clear and unambiguous, the words cannot be disregarded under the pretext of pursuing the rule's spirit. Pa.R.C.P. 127(b). Every rule must be construed, if possible, to give effect to all its provisions. *Id.* In addition, a note to a rule or an explanatory comment is not a part of the rule, but may be used in construing the rule. Pa.R.C.P. 129(e).

¶ 12 Recently, in *Attix v. Lehman,* 925 A.2d 864 (Pa.Super.2007), we interpreted Rule 237.3(b) based on these principles of rule construction. We concluded that a petitioner does not need to satisfy the common law requirement that he provide a reasonable excuse for the failure that led to the judgment by default, if his petition to open is filed within 10 days of the judgment and states a meritorious defense. *Id.* at 866. In doing so, we recognized that Rule 237.3(b) presupposes that a petition filed within ten days of the default judgment is promptly filed and sets forth a reasonable explanation or legitimate excuse for the inactivity or delay resulting in the entry of the judgment. *Id.* Thus, we held that under Rule 237.3(b), a trial court must open a default judgment, if the petitioner files a petition to open within ten days of its entry and states a meritorious defense. *Id.* at 867.

¶ 13 Appellants presently take issue with the trial court's decision not to grant them relief under Rule 237.3(b).[3] Appellants assert that the trial court erred because their Petition met the Rule's two requirements—it was filed on March 14, 2007, within ten days of the entry of the default judgment on March 6, 2007, and set forth a meritorious defense. As for the trial court's refusal to entertain the Petition for failure to follow a local rule, Appellants argue that even though the Petition did not satisfy Local Rule 205.2(a)(3), the Petition was in compliance with the Pennsylvania Rules of Civil Procedure. Thus, the Petition was filed on March 14, 2007, and should have been considered by the trial court, for purposes of relieving them of the default judgment.

---

**3.** Appellants' brief is lacking on this issue. Although Appellants' argument is not fully developed, we can readily understand their position and are able to engage in meaningful review. Therefore, we reach the merits of Appellants' claim. *See Cresswell v. End,* 831 A.2d 673, 675 n. 1 (Pa.Super.2003) (overlooking numerous briefing errors because the gravamen of the appellants' rather straightforward arguments could be discerned from other portions of their brief).

¶ 14 Appellants' argument reflects the language of Pa.R.C.P. 205.2. Rule 205.2 provides that "[n]o pleading or other legal paper that complies with the Pennsylvania Rules of Civil Procedure shall be refused for filing by the prothonotary based on a requirement of a local rule of civil procedure or judicial administration, including local Rules 205.2(a) and 205.2(b)." Pa. R.C.P. 205.2.[4] The wording of Rule 205.2 reveals that pleadings or other papers that satisfy statewide filing rules must be accepted for filing, even if they do not meet local filing requirements.[5]

¶ 15 The certified record reflects that the Office of the Prothonotary of Dauphin County, Pennsylvania, received and accepted Appellants' Petition for filing on March 14, 2007.[6] The next day on March 15, 2007, the trial court, by order, effectively voided the filing of the Petition by the Prothonotary because the Petition was non-compliant under Local Rule 205.2(a)(3). Since the Prothonotary could not refuse for filing the Appellants' petition, the trial court could not do by order what the Rules forbid the Prothonotary to do. Thus, since the Petition apparently complies with the Pennsylvania Rules of Civil Procedure and since the Prothonotary properly filed the Petition, under Rule 205.2, the trial court could not refuse to treat the Petition as filed on the grounds that the Petition did not comply with a local rule. Accordingly, we conclude that the March 15, 2007 order of the highly regarded trial court was erroneous.

¶ 16 Boatin asserts that there are alternative grounds that support a denial of Appellants' March 14, 2007 Petition. Boatin argues that the Petition was deficient because it did not include a verified copy of the answer that Appellants sought leave to file under Pa.R.C.P. 237.3(a), or a verification by Appellants under Pa.R.C.P. 206.3.[7] This Court has rejected these

---

4.  Rule 239 authorizes the courts of common pleas to adopt local rules to govern practice and procedure. Pa.R.C.P. 239(a). Rule 239.1 instructs that any physical characteristics imposed upon pleadings and other legal papers are to be listed in a rule numbered Local Rule 205.2(a), and that any local cover sheet requirement is to be set forth in a rule numbered Local Rule 205.2(b). Pa.R.C.P. 239.1(a), (b).

5.  In this regard, the Explanatory Comments that follow Rule 205.2 are instructive. They state:

    > A number of courts of common pleas have recently promulgated local rules which purport to facilitate judicial administration but which function to impair the statewide practice of law by imposing prerequisites to the filing of legal papers with the prothonotary. These requirements include appending a cover sheet to a complaint and the filing of a separate written entry of appearance.
    >
    > While a local court should be free to require additional information to aid in the orderly administration of justice, an out-of-county attorney or litigant should not be penalized with a missed filing date because of the failure to supply the required information. Therefore, new Rule 205.2 requires the prothonotary to accept for filing all pleadings and other legal papers which comply with the statewide rules of civil procedure. Once the paper has been filed, the local court may require compliance with other local provisions. The new rule attempts to strike a balance between local court administration and the requirements of a unified judicial system.

    Pa.R.C.P. 205.2, Explanatory Comment—1985.

6.  No party in this case contends that the Office of the Prothonotary failed to fulfill its duties in receiving and filing the Petition or that the Petition violated a statewide filing Rule. *See McKeown v. Bailey*, 731 A.2d 628, 631 (Pa.Super.1999) ("A Prothonotary may have the power, and even the duty, to inspect documents tendered for filing and to reject them if they are not on their face in the proper form....").

7.  Rule 237.3(a) provides that "[a] petition for relief from a judgment of non pros or of default entered pursuant to Rule 237.1 shall

omissions as a basis to deny relief under Rule 237.3(b).

¶ 17 In *Stauffer v. Hevener*, 881 A.2d 868 (Pa.Super.2005), the defendants filed a petition to open/strike a default judgment, which included only the first page of the answer they had filed on the day that the judgment was taken against them. The trial court denied the petition. On appeal, we reversed and ordered the judgment opened under Rule 237.3(b), concluding that the petition was filed within ten days of the entry of judgment and set forth a meritorious defense. In doing so, we did not penalize the defendants for failing to attach their answer to the petition. We reiterated the conclusion we reached in *Himmelreich v. Hostetter Farm Supply*, 703 A.2d 478 (Pa.Super.1997), that "looking exclusively at the answer attached to a petition to open a default judgment when deciding if there is a meritorious defense would be an 'overly strict interpretation of Rule 237.3.'" *Stauffer*, 881 A.2d at 871, *quoting Himmelreich*, 703 A.2d at 479. Therefore, Appellants' failure to attach an answer to the Petition will be excused.

■ ¶ 18 In *Penn–Delco School District v. Bell–Atlantic–Pa. Inc.*, 745 A.2d 14 (Pa.Super.1999), *appeal denied*, 568 Pa. 665, 795 A.2d 978 (Pa.2000), the trial court denied the appellant relief under Rule 237.3(b) because it did not verify its petition to open a default judgment. On appeal, we reversed and ordered that the judgment be opened. We concluded that verification under Rule 206.3 was not needed for allegations of fact that appeared in the record or for conclusions of law. *Id.* at 18. We also concluded that any unverified allegations of fact that were set forth in the petition did not amount to a material

defect. *Id.* Accordingly, we reviewed the petition and the attached answer and concluded that a meritorious defense was stated in the petition. *Id.* at 19. The instant record reveals that the allegations that form the basis of the meritorious defense stated in Appellants' Petition are either allegations of fact in Boatin's complaint against Miller or in Miller's answer, or are conclusions of law. Hence, as *Penn–Delco School District* teaches, these allegations did not require a Rule 206.3 verification.

■ ¶ 19 It now remains for us to test Appellant's Petition against Rule 237.3(b)'s two requirements. The default judgment was entered against Appellants on March 6, 2007. Appellants filed their Petition on March 14, 2007, eight days later. Thus, the Petition was filed within the Rule's ten-day period. The Petition alleged that it was Miller's negligence in changing lanes and entering the taxi cab's path of travel that solely caused the accident that led to Boatin's injuries. We have stated that in order to state a meritorious defense, a petitioner need only allege a defense that entitles him to a judgment in his favor, if proven at trial. *Reid v. Boohar*, 856 A.2d 156, 162 (Pa.Super.2004). Moreover, we have held that the allegation that someone else caused the accident in question constitutes a meritorious defense. *Id.* Thus, with its allegations about Miller, the Petition set forth a meritorious defense. Accordingly, we conclude that Appellants' Petition satisfies Rule 237.3(b), and that Appellants are entitled to relief from the default judgment thereunder.

¶ 20 For these reasons, we hold that the trial court's March 15, 2007 order refusing to entertain the Petition was erroneous,

have attached thereto a verified copy of the complaint or answer which the petitioner seeks leave to file." Pa.R.C.P. 237.3(a). Rule 206.3 provides that "[a] petition or an answer containing an allegation of fact which does not appear of record shall be verified." Pa. R.C.P. 206.3.

and that the trial court's refusal to grant the Petition and open the default judgment entered against Appellant under Rule 237.3(b) constituted an error of law. Thus, we vacate the trial court's March 15, 2007 order, and vacate the trial court's April 23, 2007 order denying the second petition to open default judgment. We remand this case to the trial court, directing it to grant the Petition filed on March 14, 2007, and open the default judgment entered against Appellants.

¶ 21 Order vacated. Remanded for further proceedings. Jurisdiction relinquished.

¶ 22 Judge STEVENS files a Dissenting Opinion.

## DISSENTING OPINION BY STEVENS, J.:

¶ 1 After a careful review, I would affirm the trial court's order, which denied Appellant's petition to open the default judgment. Specifically, I would find Appellant has waived its argument that it is entitled to Pa.R.C.P. 237.3(b)'s presumption of timeliness and reasonable excuse by virtue of a defective petition to open, which Appellant filed on March 14, 2007. Moreover, upon analysis of Appellant's March 20, 2007 petition to open, I would find that, under the traditional three-part test, Appellant failed to provide a legitimate excuse for the delay in filing a timely answer. Therefore, I respectfully dissent.

¶ 2 As the Majority correctly acknowledges, a petition to open a default judgment is addressed to the equitable powers of the court and is a matter of judicial discretion. In general, "[t]o open a default judgment, a party must: (1) promptly file a petition to open judgment; (2) provide a meritorious defense; and (3) offer a legitimate excuse for the delay in filing a timely answer." *Aquilino v. The Philadelphia Catholic Archdiocese*, 884 A.2d 1269, 1283

(Pa.Super.2005) (quotation and quotation marks omitted). However, pursuant to Pa.R.Civ.P. 237.3(b), "[i]f the petition [to open] is filed within ten days after the entry of judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense." Recently, in *Attix v. Lehman*, 925 A.2d 864, 865 (Pa.Super.2007), this Court held that "under Rule 237.3(b), if the party against whom a default judgment is entered files a petition to open within 10 days of such entry, and he or she states a meritorious defense, the trial court must open the judgment." (citations omitted). That is, under Rule 237.3(b), the timeliness and reasonable excuse prongs will be presumed to have been met. *Id.* This Court has indicated that "[t]he Rule's purpose is to ease the burden of parties who move promptly for relief from judgment entered by default or non pros." *Penn–Delco School District v. Bell Atlantic–Pa, Inc.*, 745 A.2d 14, 17 (Pa.Super.1999) (footnote omitted).

¶ 3 In the case *sub judice*, the initial question is whether Appellant is entitled to Rule 237.3(b)'s presumption of timelines and reasonable excuse. Appellant suggests that the trial court should have considered Appellant's petition to open to have been "filed" on March 14, 2007, which is less than ten days from when judgment was entered against Appellant. Specifically, in the "Summary of Argument" portion of his brief, Appellant suggests that "[e]ven if the [March 14, 2007] petition lacked two administrative items required under local rules, the court should consider the filing to have been made on March 14, 2007, eight days after the default, and therefore, in compliance with Rule 237.3(b)." Appellant's Brief at 10. I conclude Appellant has failed to develop adequately this argument on appeal, and

therefore, I would find the issue to be waived.

¶ 4 Appellant's entire argument on this issue is as follows:

> Plaintiff took a default judgment against [Appellant] on March 6, 2007. (R. 28a). [Appellant] filed a petition to open judgment by default on March 14, 2007, in compliance with Pa.R.Civ.P. 237.3(b). (R. 136a). [Appellant's] petition to open default judgment stated a meritorious defense to plaintiff's claims, also in compliance with Pa.R.Civ.P. 237.3(b).
>
> On March 15, 2007, the lower court issued a non-entertaining order premised upon [Appellant's] failure to have attached a proposed order and a distribution legend to the petition, as required by local rules. (R. 136a).
>
> This non-entertaining order should not have affected the court's consideration of the petition as timely under Rule 237.3(b), since even though it did not have a proposed order and party/counsel distribution list required by local rules, the filing was in compliance with Pennsylvania Rules of Civil Procedure. Moreover, a court will overlook administrative or clerical errors in a filing when it comes to determine the effective filing date.

Argument Section of Appellant's Brief at 12–13.

¶ 5 It is evident to me that, while Appellant baldly asserts the "non-entertaining order should not have affected the court's consideration of the petition as timely" for purposes of Rule 237.3(b)'s presumption, Appellant has failed to develop an argument discussing why the violation of Dauphin County's Local Rules should be overlooked. Furthermore, I conclude Appellant has cited no relevant authority for its position that Appellant's noncompliance should not have affected the trial court's consideration and application of Rule 237.3(b)'s presumption.[8] It is well-settled that it is an appellant's duty to develop the argument on appeal, with appropriate citation to authority. *See Bombar v. West American Insurance Company*, 932 A.2d 78 (Pa.Super.2007) (indicating the failure to develop an argument with citation to and analysis of relevant authority waives the issue on appeal); *Harris v. Toys "R" Us–Penn, Inc.*, 880 A.2d 1270 (Pa.Super.2005) (same). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Bombar*, 932 A.2d at 93 (citation omitted). Since Appellant failed to develop a proper argument, with citation to and analysis of relevant authority, regarding consideration of the March 14, 2007 petition to open and Appellant's entitlement to Rule 237.3(b)'s presumption, I would find the issue to be waived.

¶ 6 Furthermore, having concluded Appellant has failed to develop and preserve an argument regarding Rule 237.3(b)'s presumption, I would proceed to a determination of whether Appellant's March 20, 2007 petition to open should have been granted after consideration of the three-part test enunciated *supra*.[9]

¶ 7 Regarding the timeliness prong, I would find that the March 20, 2007 petition to open the default judgment, which was

---

8. I note that Appellant does not suggest that it did not violate Dauphin County's Local Rule; but rather, Appellant suggests such violation is irrelevant in determining the filing date of the petition to open for purposes of Rule 237.3(b)'s presumption.

9. I note that Appellant does not dispute that his March 20, 2007 petition to open the default judgment was filed more than ten days from when judgment was entered, and therefore, Rule 237.3(b)'s presumption is inapplicable on this basis.

filed fourteen days after the entry of judgment, should be deemed timely. With regard to the timeliness prong "[the] Court does not employ a bright line test . . . [The Court focuses] on two factors: (1) the length of the delay between discovery of the entry of the default judgment and filing the petition to open judgment, and (2) the reason for the delay." *Flynn v. America West Airlines,* 742 A.2d 695, 698 (Pa.Super.1999) (quotation and quotation marks omitted). Here, Appellant filed its March 20, 2007 petition to open fourteen days after the Prothonotary entered judgment on March 6, 2007. As discussed *supra,* Appellant initially filed a petition to open on March 14, 2007; however, on March 15, 2007, the trial court entered an order indicating it was not entertaining the petition due to Appellant's violation of the Local Rules. Five days later, Appellant filed a petition, which properly complied with the Local Rules. Under the circumstances of this case, I would conclude the March 20, 2007 petition was timely filed. *See Reid v. Boohar,* 856 A.2d 156 (Pa.Super.2004) (holding an appellant, who filed his petition to open one month after the default judgment was entered, filed a timely petition to open); *Alba v. Urology Associates of Kingston,* 409 Pa.Super. 406, 598 A.2d 57 (1991) (indicating a petition to open filed fourteen days after judgment was entered was timely).

¶ 8 Next, I would consider whether Appellant's March 20, 2007 petition to open alleged a meritorious defense. "In order to have a meritorious defense[,] Appellants need only allege a defense that if proven at trial would provide relief." *Stauffer v. Hevener,* 881 A.2d 868, 871 (Pa.Super.2005) (citation omitted). The meritorious defense must be set forth in specific concise terms. *Alba, supra.*

¶ 9 Here, I agree with Appellant that its petition to open alleged a meritorious defense. Specifically, in the March 20, 2007 petition, Appellant alleged that Mr. Boatin was a passenger in a taxi cab, which was owned and operated by Appellant, when a vehicle being driven by Ms. Miller suddenly changed lanes from right to left and collided with the taxi cab's right side. Appellant averred that Ms. Miller's negligent driving was the sole cause of the accident, the taxi cab driver was proceeding safely prior to being struck by Ms. Miller's vehicle, and the taxi cab driver could have taken no action to avoid the accident. Moreover, Appellant asserted it was filing a cross-claim against Ms. Miller on the basis that her negligence was the sole and proximate cause of the accident and indicated the police report listed a witness, who would corroborate the taxi cab driver's version of the accident. As such, I would find that Appellant has alleged a meritorious defense. *See Reid, supra* (holding the appellant had pled a "meritorious defense" by asserting someone else caused the accident in question). "If proven at trial, this defense would entitle Appellant to judgment in [its] favor." *Reid,* 856 A.2d at 162 (citation omitted).

¶ 10 Finally, I would consider whether Appellant provided a legitimate excuse for the delay in filing a timely answer. "Whether a [reason] is legitimate is not easily answered and depends upon the specific circumstances of the case." *Flynn,* 742 A.2d at 698 (quotation and quotation marks omitted).

¶ 11 In the case *sub judice,* in its petition to open the default judgment, I conclude Appellant made no attempt to explain its failure to timely answer the complaint.[10] In fact, Appellant offered no

---

10. In its motion for reconsideration, Appellant attempted, for the first time, to offer an explanation as to why Appellant did not timely file an answer to Mr. Boatin's complaint.

information regarding its delay, other than discussing the fact Appellant contacted its counsel on March 5, 2007, the day before judgment was entered, to determine whether Appellant had insurance coverage. Appellant's counsel then apparently sought to communicate with Mr. Boatin's counsel on March 6, 2007, to discuss the matter; however, the default judgment was entered on that same date. Based on the aforementioned, I conclude the trial court did not err in finding Appellant failed to offer a legitimate excuse for the delay in filing a timely answer. As such, I would find the trial court did not abuse its discretion in refusing to grant Appellant's March 20, 2007 petition to open the default judgment. *Seeger v. First Union National Bank,* 836 A.2d 163 (Pa.Super.2003) (indicating all three prongs must be met before the court should grant a petition to open a default judgment).

¶ 12 Based on the aforementioned, I would affirm the trial court's order, which denied Appellant's petition to open the default judgment, and therefore, I respectfully dissent.

Specifically, Appellant averred that (1) from January through April of 2007, the owner of American Taxi was having serious family issues involving one of his daughters and two grandchildren, (2) the daughter, who lived in Georgia with her children, was abandoned by her husband, (3) American Taxi's owner was anxious and consumed with worry over his daughter's predicament, and (4) American Taxi's owner has no memory of receiving Mr. Boatin's notice of intention to enter a default judgment. I would decline to review the excuses for the delay, which were presented for the first time in Appellant's motion for reconsideration. *See Prince George Center, Inc. v.* *United States Gypsum Co.,* 704 A.2d 141 (Pa.Super.1997) (indicating the Superior Court has jurisdiction over neither the trial court's denial of a motion for reconsideration nor the issues raised initially in a motion for reconsideration). I note that this case, in which Appellant seeks to open the judgment, is distinguishable from those cases where this Court has held that a party may seek to strike a judgment at any time, even after a trial court has denied a petition to open the same judgment. *See Mother's Restaurant, Inc. v. Krystkiewicz,* 861 A.2d 327 (Pa.Super.2004) (*en banc*).