Loretta SMITH

v.

MORRELL BEER DISTRIBUTORS, INC. a/k/a Morrell Beer Distributors, and Robert M. Bartus, in his Capacity as President, Stephen J. Pierce, in his Capacity as Sec. and Treas., John Doe, and Nicholas K. Fugarino.

Appeal of Morrell Beer Distributors, Inc. a/k/a Morrell Beer Distributors, and Robert M. Bartus, in his Capacity as President, and Stephen J. Pierce, in his Capacity as Sec. and Treas.

Superior Court of Pennsylvania.

Argued May 24, 2011.

Filed Aug. 26, 2011.

Reargument Denied Oct. 21, 2011.

Thomas M. Nocella, Philadelphia, for appellant.

James E. Hockenberry, Feasterville, for appellee.

BEFORE: STEVENS, P.J., SHOGAN and ALLEN, JJ.

OPINION BY SHOGAN, J.:

Appellants, Morrell Beer Distributors, Inc., a/k/a Morrell Beer Distributors, Robert M. Bartus (President), and Stephen J. Pierce (Secretary/Treasurer) appeal the July 7, 2010 order of the trial court denying their petition to open default judgment. For the reasons that follow, we affirm.

The instant matter arises from an action filed by Appellee, Loretta Smith, by writ of summons on September 11, 2009. Appellee complained that defendant Nicholas Fugarino purchased alcohol, Natural Ice Beer, from Morrell Beer Distributors, which was then sold to minors, including Appellee.[1] Appellee further averred that defendant John Doe, an unknown male, was somehow involved in transferring the beer to the minors. Appellee, then 16, drank the beer, became intoxicated, and fell through a glass table, sustaining serious and permanent injuries, including fractures, a punctured lung, lacerations, and scarring. Appellants received the complaint on December 3, 2009, which contained a Notice to Plead within 20 days pursuant to Pa.R.C.P. 1018.1.

On December 10, 2009, counsel appeared at a case management conference on behalf of Appellants but had not entered an appearance. On December 23, 2009, Appellee sent a "ten day notice" pursuant to Pa.R.C.P. 237.1 to each defendant after no responsive pleading had been filed to the complaint. Appellants failed to take action. On January 4, 2010, Appellee filed a praecipe for default judgment against each defendant. On January 12, 2010, Appellants filed a petition to open judgment that failed to have attached to it the proposed answer to the complaint as required by Pa.R.C.P. 237.3(a). As no answer was set forth, and, after receiving a response from Appellee on January 29, 2010, the trial court denied the petition to open by Order dated July 6, 2010, entered on July 7, 2010. The court issued an opinion on August 24, 2010. This appeal followed.

Appellants raise the following issue on appeal:

Did the [trial court] err in not granting [Appellants'] Motion to Open Default Judgment?

Appellants' Brief at 1.

■ Appellants argue that the trial court erred in denying their petition to

---

1. The record does not reflect proof of service on Fugarino, who has not had counsel enter an appearance on his behalf.

open the default judgment against them. Appellants assert that Appellee's counsel was advised that counsel for Appellants would file an answer to the complaint after his term as Municipal Court Judge expired on January 3, 2010 but "chose to ambush defendants by filing for default judgment." Appellants' Brief at 8.

■■■ Our review of this issue is conducted pursuant to the following:

> In general, a default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading. The standard of review for challenges to a decision concerning the opening of a default judgment is well settled.
>
> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.
>
> However, we will not hesitate to find an abuse of discretion if, after our o[w]n review of the case, we find that the equities clearly favored opening the judgment.
>
> An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

*Dumoff v. Spencer*, 754 A.2d 1280, 1282 (Pa.Super.2000) (internal quotation marks and citations omitted).

Rule of Civil Procedure 237.3 provides as follows:

**Rule 237.3   Relief From Judgment of Non Pros or by Default**

(a) A petition for relief from a judgment of non pros or of default entered pursuant to Rule 237.1 shall have attached thereto a verified copy of the complaint or answer which the petitioner seeks leave to file.

(b) If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense.

Pa.R.C.P. 237.3(a), (b). When construing a rule, we are cognizant that the object of all rule interpretation and construction is to ascertain and effectuate the intention of the Supreme Court. Pa.R.C.P. 127(a). When the words of a rule are clear and unambiguous, the words cannot be disregarded under the pretext of pursuing the rule's spirit. Pa.R.C.P. 127(b).

Consistent with these standards, we note Rule 237.3(a)'s requirement that a petition to open a default judgment must have a verified copy of the answer attached. Pa.R.C.P. 237.3(a). However, we also recognize that the comment to Rule 237.3 and case law interpreting Rule 237.3(b) support the proposition that relief from the entry of a default judgment may still be available even though a petitioner fails to attach a verified copy of the answer to the petition.

The 1994 Explanatory Comment to Rule 237.3 provides an illustration where a defendant does not attach an answer to the petition for relief from a default judgment; rather, the defendant attaches preliminary objections. Pa.R.C.P. 237.3, Explanatory Comment–1994, at Illustration 5. In that situation, the Explanatory Comment provides, "the defendant must proceed pursu-

ant to case law and meet the standards set forth in *Schultz v. Erie Insurance Exchange,* 505 Pa. 90, 477 A.2d 471 (1984)." *Id.* The standards set forth in *Schultz* are the common law requirements for opening a default judgment: (1) the petition has been promptly filed; (2) a meritorious defense can be shown; *and* (3) the failure to appear can be excused. *Schultz,* 505 Pa. at 93, 477 A.2d at 472 (emphasis in original; citation omitted).

This Court has also provided relief to petitioners whose petitions were non-compliant with Rule 237.3 for other reasons. For example, in *Penn–Delco School District v. Bell Atlantic–Pa. Inc.,* 745 A.2d 14 (Pa.Super.1999), *appeal denied,* 568 Pa. 665, 795 A.2d 978 (2000), Bell Atlantic filed a timely petition to open the default judgment and a verified answer, but it did not verify the petition. This Court recognized that the purpose of Rule 237.3 "is to ease the burden of parties who move promptly for relief from judgment entered by default or non pros." *Id.* at 17. Moreover, we are reminded that "courts should not be astute in enforcing technicalities to defeat apparently meritorious claims." *Id.* at 18 (citing *Davis v. Safeguard Investment Company,* 239 Pa.Super. 300, 361 A.2d 893 (1976)). Additionally, we reiterated that "[t]he requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief. The defendant . . . must set forth the defense in precise, specific and clear terms." *Id.* at 19 (quoting *Provident Credit Corp. v. Young,* 300 Pa.Super. 117, 446 A.2d 257, 262 (1982), and *Castings Condominium Association, Inc. v. Klein,* 444 Pa.Super. 68, 663 A.2d 220, 224 (1995)).

Reversing the trial court's denial of the petition, we concluded that verification under Rule 206.3 was not needed for averments of fact that appeared in the record or for conclusions of law, and an unverified averment of fact set forth in the petition did not amount to a material defect. *Penn–Delco,* 745 A.2d at 18. We then reviewed the petition and the answer to determine if Bell Atlantic had set forth a meritorious defense. Noting that Bell Atlantic's answer provided nineteen reasons why Penn–Delco was not entitled to relief, we opined that, "[i]f Bell Atlantic is able to prove any one of the defenses at trial, it would be entitled to relief;" thus, Bell Atlantic met the meritorious defense requirement of Rule 237.3(b). *Id.* at 19.

Similarly, in *Stauffer v. Hevener,* 881 A.2d 868 (Pa.Super.2005), the petitioners filed a timely petition to open the default judgment, but they attached only the first page of their proposed answer in violation of Rule 237.3(a). *Stauffer,* 881 A.2d at 871. The trial court denied the petition. However, the record revealed that the petitioners had filed a complete copy of their verified answer of record only hours after the default judgment was entered against them. Thus, the petitioners' proposed answer was of record before they filed their petition to open the default judgment.

This Court reversed and ordered the judgment opened under Rule 237.3(b), excusing the petitioners' technical failure to attach the complete answer to the petition. In doing so, we reiterated the conclusion we reached in *Himmelreich v. Hostetter Farm Supply,* 703 A.2d 478, 479 (Pa.Super.1997), that "looking exclusively at the answer attached to a petition to open a default judgment when deciding if there is a meritorious defense would be an '*overly strict interpretation of Rule 237.3.*'" *Stauffer,* 881 A.2d at 871 (quoting *Himmelreich,* 703 A.2d at 479) (emphasis supplied).

More recently, this Court granted relief to petitioners who did not attach a verified copy of the answer to their petition for relief in *Boatin v. Miller,* 955 A.2d 424

(Pa.Super.2008) (*en banc*). The trial court originally denied the petition because it did not comply with a local rule. In response, the petitioners promptly filed a second petition that complied with the local rule and set forth the same allegations included in the first petition. *Id.* at 426. Upon receipt of the second petition, the trial court considered whether the petitioners "were entitled to relief from the judgment under Pa.R.C.P. 237.3(b) based on their first petition." *Id.* The trial court concluded they were not because the first petition "was not entertained." *Id.* Then, the trial court addressed whether the second petition met the three-prong, common law test for opening a default judgment: "whether the second petition was timely filed, stated a meritorious defense to the underlying claim, and offered a legitimate excuse for the delay that led to the default." *Id.* The trial court concluded that the second petition was timely and stated a meritorious defense to Boatin's cause of action, but it did not set forth a legitimate excuse for the petitioners' failure to respond to the complaint.

On appeal, this Court first explained our recent interpretation of the presumption in Rule 237.3(b) based on the principles of rule construction:

> [I]n *Attix v. Lehman,* 925 A.2d 864 (Pa.Super.2007), . . . we concluded that a petitioner does not need to satisfy the common law requirement that he provide a reasonable excuse for the failure that led to the judgment by default, if his petition to open is filed within 10 days of the judgment and states a meritorious defense. In doing so, we recognized that Rule 237.3(b) presupposes that a petition filed within ten days of

the default judgment is promptly filed and sets forth a reasonable explanation or legitimate excuse for the inactivity or delay resulting in the entry of the judgment.

*Boatin,* 955 A.2d at 427. Next, we rejected the trial court's application of a local rule to defeat a petition timely filed under Rule 237.3 and received by the prothonotary. Thus, we concluded the trial court's denial of the first petition in *Boatin* was erroneous. *Boatin,* 955 A.2d at 427–428 (interpreting Pa.R.C.P. 205.2).[2]

Raising alternative grounds for the denial of relief, Boatin complained that the first petition "was deficient because it did not include a verified copy of the answer that [the petitioners] sought leave to file under Pa.R.C.P. 237.3(a), or a verification by [the petitioners] under Pa.R.C.P. 206.3." *Boatin,* 955 A.2d at 428. Since the allegations of fact stated in the petition appeared elsewhere in the record, this Court "rejected these omissions as a basis to deny relief under Rule 237.3(b)." *Id.* at 428–429 (discussing *Penn–Delco* and *Stauffer*). We then continued by testing the petition against Rule 237.3(b)'s two requirements: the petition had to be filed within the ten-day period, and the petition had to allege a meritorious defense. Because the petition met both those requirements, we vacated the order denying the petition. *Id.* at 429–430.

The instant facts differ from those of *Penn–Delco* in that the petitioners in *Penn–Delco* filed a verified answer and set forth a meritorious defense supported by facts of record. Similarly, the case at hand differs from *Stauffer* in that the petitioner in *Stauffer* actually filed all required components of a petition to open of record

---

**2.** Pa.R.C.P. 205.2 provides that "[n]o pleading or other legal paper that complies with the Pennsylvania Rules of Civil Procedure shall be refused for filing by the prothonotary

based on a requirement of a local rule of civil procedure or judicial administration, including local Rules 205.2(a) and 205.2(b)."

in a timely fashion. Lastly, *Boatin* is also distinguishable from the case *sub judice*. Although the petitioners in *Boatin* did not file an answer, the petition itself set forth a meritorious defense, *i.e.*, allegations of fact that, if proven at trial, would entitle the petitioners to relief, and the factual allegations appeared elsewhere in the record. Contrarily, the record before us reflects that Appellants failed to attach a copy of the proposed answer to their petition; rather, they indicated that an answer would be forthcoming. Motion to Open Default Judgment, 2/12/10, at ¶ 5. Thus, Appellants failed to complete the initial requirement of a petition to open a default judgment under Rule 237.3(a). Nevertheless, despite their omission, Appellants would be entitled to relief if their petition met the requirements of Rule 237.3(b). However, it did not. Although timely filed, the petition did not set forth allegations of a defense that, if proven at trial, would entitle Appellants to relief. Instead of alleging facts of record in the petition that support a meritorious defense, Appellants set forth in their petition conclusions of law and challenges to Appellee's proof. Motion to Open Default Judgment, 1/12/10, at ¶¶ 2–9. In sum, Appellants allege that they have "a strong defense for this matter and it is highly likely that plaintiff will not prevail on this case in chief." *Id.* at ¶ 8. We conclude that Appellants' petition does not set forth a meritorious defense supported by verified allegations of fact. Thus, Appellants are not entitled to relief under Rule 237.3(b).

Finally, even under the traditional three-part test for opening a default judgment, Appellants would not be entitled to relief on two grounds. First, as stated above, Appellants' petition failed to set forth a meritorious defense supported by verified factual allegations; second, Appellants did not provide a reasonable excuse for failing to file an answer. Appellants' counsel's decision to wait until his term of office ended to file an answer was deliberate. Indeed, he chose not to defend the complaint within the required time period, knowing that opposing counsel had not granted an extension of time.

Applying Rule 237.3 and case law to the facts of this case, we conclude the trial court did not abuse its discretion in denying Appellants' petition to open the default judgment. Appellants' arguments to the contrary fail.

Order affirmed.