J-S10019-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CROWN ASSET MANAGEMENT, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DERRICK SMITH | : | |
| | : | |
| Appellant | : | No. 1400 MDA 2025 |
| | : | |

Appeal from the Order Entered September 3, 2025
In the Court of Common Pleas of York County Civil Division at No(s):
2025-SU-001708

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.:                    **FILED: JUNE 17, 2026**

Derrick Smith ("Smith") appeals from the September 3, 2025 order entered by the York County Court of Common Pleas ("trial court") denying his petition to open a default judgment entered in favor of Crown Asset Management, LLC ("Crown").  For the following reasons, we affirm.

On May 7, 2025, Crown filed an appeal with the trial court from a judgment entered by the magisterial district court.  On June 9, 2025, Crown filed a complaint averring that Smith failed to pay a debt he owed to FinWise Bank from an account he opened in April 2022, and that Crown was the current assignee and owner of that debt.  Crown demanded judgment against Smith in the amount of $7,230.40 plus costs.  Crown effectuated service of the complaint and a notice to defend on Smith.  Smith did not respond.  On July

15, 2025, Crown served Smith with notice of its intent to file a praecipe for the entry of default judgment. Smith again failed to respond.

On August 19, 2025, Crown filed a praecipe for default judgment. That same day, the prothonotary entered judgment against Smith in the amount of $7,722.91 and issued notice to him in accordance with Rule 236 of the Pennsylvania Rules of Civil Procedure.

On August 26, 2025, Smith filed, though counsel, a petition to open a default judgment ("Petition") and supporting memorandum of law. Smith did not attach proposed preliminary objections or an answer to the Petition as required by Rule 237.3(a) of the Pennsylvania Rules of Civil Procedure.[1] The next day, August 27, 2025, the trial court denied the Petition because Smith failed to attach a proposed answer.

On September 2, 2025, Smith filed a second petition to open a default judgment ("Second Petition") and supporting memorandum of law. The Second Petition attached a proposed answer and new matter but was identical to the Petition in all other respects. The trial court denied the Second Petition without explanation on September 3, 2025. This appeal followed.

Smith presents the following issues for our review:

1. Whether the Superior Court must reverse because Smith's Notice of Appeal—filed October 3, 2025—was timely, where

---

[1] In his Petition and supporting memorandum of law, Smith referenced his proposed answer and new matter multiple times and indicated this pleading was attached as an exhibit to the Petition, but he apparently forgot to attach it.

the appealable order was entered September 3, 2025, and the trial court erred as a matter of law by recharacterizing Smith's [Second P]etition as a "motion for reconsideration."

2.    Whether the trial court abused its discretion by refusing to apply the mandatory ***Schultz*** [***v. Erie Ins. Exchange***, 477 A.2d 471 (Pa. 1984)[2]] factors once it determined that Smith's [Second P]etition was outside the ten-day safe-harbor period of Pa.R.C[iv].P. 237.3(b).

3.    Whether the trial court abused its discretion in concluding that Smith failed to assert a meritorious defense, despite Pennsylvania's liberal standard and Smith's specific denials and challenges to the assignment, amount, and accuracy of alleged indebtedness.

Smith's Brief at 7 (party designation altered and emphasis added).[3]

"Generally, a petition to open a default judgment is addressed to the equitable powers of the court and is a matter of judicial discretion." ***Boatin v. Miller***, 955 A.2d 424, 427 (Pa. Super. 2008) (citation omitted). "'A lower court's ruling refusing to open a default judgment will not be reversed unless there has been an error of law or a clear, manifest abuse of discretion.'" ***Id.*** (quoting ***Schultz***, 477 A.2d at 472). "However, we will not hesitate to find an abuse of discretion if, after our o[w]n review of the case, we find that the equities clearly favored opening the judgment." ***Dumoff v. Spencer***, 754 A.2d 1280, 1282 (Pa. Super. 2000) (citations omitted). "An abuse of

---

[2] A court may exercise its discretion to grant a petition to open a judgment only when "(1) the petition has been promptly filed; (2) a meritorious defense can be shown; and (3) the failure to appear can be excused." ***Schultz***, 477 A.2d 471, 472 (Pa. 1984) (emphasis and citation omitted).

[3] We note with disapproval that Crown failed to file an appellate brief.

discretion is not a mere error of judgment[;] if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused." ***Id.*** (citation omitted). In addition, "the interpretation and application of a Pennsylvania Rule of Civil Procedure presents a question of law. Accordingly, our standard of review is de novo*,* and our scope of review is plenary." ***Boatin***, 955 A.2d at 427 (citation omitted).

Rule 237.3 of the Pennsylvania Rules of Civil Procedure governs relief from default judgment and provides:

> (a) A petition for relief from a judgment of *non pros* or by default entered pursuant to Rule 237.1 shall have attached thereto a copy of the complaint, preliminary objections, and/or answer which the petitioner seeks leave to file. All grounds for relief shall be raised in a single petition.
>
> (b)(1) If the petition is filed within ten days after the entry of a judgment of *non pros* on the docket, the court shall open the judgment if the proposed complaint states a meritorious cause of action.
>
> (2) If the petition is filed within ten days after the entry of a default judgment on the docket, the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense.

Pa.R.Civ.P. 237.3.

Smith first argues that his notice of appeal was timely filed from the trial court's September 3, 2025 order, the trial court erred in treating his Second

Petition as a motion to reconsider, and the August 27, 2025 order was not a final order disposing of all claims and all parties. Smith's Brief at 17-20.

In its opinion, the trial court stated that Smith's appeal to this Court should be quashed as untimely filed. Trial Court Opinion, 11/6/2025, at 2. It explained that it treated the Second Petition as a motion for reconsideration of its August 27, 2025 order denying the Petition. *Id.* Because the Petition and Second Petition were identical except for the proposed answer and new matter attached to the Second Petition, the trial court treated the Second Petition as a request for reconsideration. *Id.* Quoting the definition of "reconsider" from Black's Law Dictionary, the trial court determined that Smith was asking the trial court "to take up the same matter again." *Id.* at 3. The trial court reasoned that because an appeal cannot lie from the denial of a motion to reconsider, Smith had thirty days from August 27, 2025 (the date on which the trial court denied the Petition) to perfect his appeal. *Id.* at 2. Having failed to do so, the trial court concluded that Smith's appeal was untimely. *Id.*

In deciding this issue, we find this Court's decision in *Boatin* instructive. There, this Court was faced with a very similar factual situation. Colin Boatin filed a complaint alleging personal injury against a taxi company and other defendants. *Boatin*, 955 A.2d at 425. When the taxi company failed to respond, Mr. Boatin obtained default judgment in his favor. *Id.* Eight days later, the taxi company filed a petition to open the default judgment but did

- 5 -

not attach a proposed answer as required by Rule 237.3(a).[4]  *Id.*  The next day, on March 15, 2007, the trial court issued an order stating it would not entertain the petition because it failed to comply with a local rule requiring the attachment of a proposed order.  *Id.* at 426.  Five days later, the taxi company filed a second petition which set forth the same allegations as the first petition and complied with the local rule.  *Id.*  The trial court denied the second petition on April 23, 2007, on two bases.  *Id.*  First, the trial court determined Rule 237.3(b) was unavailable because the court had not entertained the first petition.  *Id.*  Second, in the alternative, it analyzed whether the second petition satisfied the three-prong common law test to open a default judgment and concluded the taxi company did not set forth a legitimate excuse for the delay in responding to the complaint.  *Id.*  The taxi company appealed the trial court order denying the second petition.

The *Boatin* Court first discussed this Court's decision in *Attix v. Lehman*, which interpreted Rule 237.3(b) and "concluded that a petitioner does not need to satisfy the common law requirement that he provide a reasonable excuse for the failure that led to the judgment by default, if his petition to open is filed within 10 days of the judgment and states a

---

[4] Rule 237.3 has been amended since the *Boatin* decision to remove a requirement that the attached proposed complaint or answer be verified, to allow petitioners to include preliminary objections as a type of pleading that may be attached to a petition for relief from a default judgment, and to require petitioners to raise all grounds for relief in a single petition.  *See* Pa.R.Civ.P. 237.3, Explanatory Comments.

meritorious defense[,]" because the rule presupposes such a petition is promptly filed and reasonably excused. *Boatin*, 955 A.2d at 427 (citing *Attix v. Lehman*, 925 A.2d 864, 866 (Pa. Super. 2007)). Accordingly, the *Attix* Court "held that under Rule 237.3(b), a trial court must open a default judgment[] if the petitioner files a petition to open within ten days of its entry and states a meritorious defense." *Boatin*, 955 A.2d at 427 (citing *Attix*, 925 A.2d at 867). Because the taxi company met those two requirements of Rule 237.3(b), the *Boatin* Court concluded the trial court erred in refusing to entertain the petition.

The *Boatin* Court next addressed the taxi company's failure to attach a proposed answer to the petition as required by Rule 237.3(a). *Boatin*, 955 A.2d at 428-29. Following its discussion of cases in which this Court rejected such an omission as a basis to deny relief under the rule, it reiterated that "looking exclusively at the answer attached to a petition to open a default judgment when deciding if there is a meritorious defense would be an overly strict interpretation of Rule 237.3." *Id.* at 429 (citations and quotation marks omitted). Thus, this Court excused the taxi company's failure to attach an answer to the petition. *Id.*

Having found the original petition, filed eight days after default judgment was entered, was within the ten-day statutory period and stated a meritorious defense, the *Boatin* Court held that the trial court's order refusing to entertain the original petition was erroneous. *Id.* at 249-30. It therefore

vacated both trial court orders that denied the petition and second petition and remanded for the trial court to open the default judgment. *Id.* at 430. Importantly, although the taxi company appealed more than thirty days after the entry of the order denying its first petition, the *Boatin* Court did not quash on timeliness grounds.

Similarly here, Smith appealed the trial court order denying his Second Petition. As in *Boatin*, he filed the Second Petition not to seek reconsideration of the trial court's August 27, 2025 order, but in response to the trial court's denial of his Petition because he "failed to file his proposed Answer as required so [it] could evaluate whether he can state a meritorious defense." Trial Court Order, 8/27/2025. Thus, Smith's appeal properly lies from the September 3, 2025 order denying the Second Petition. *See Boatin*, 955 A.2d at 425. Because Smith filed his notice of appeal within thirty days of that order, his appeal is timely. *See* Pa.R.A.P. 903(a).

Moreover, as *Boatin* makes clear, courts may grant relief to petitioners who fail to attach a proposed answer to their petition to open a default judgment as long as they satisfy the substantive pleading requirements in their petitions. *Boatin*, 955 A.2d at 428-29; *see also Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25-27 (Pa. Super. 2011) (discussing cases where this Court provided relief where petitions were non-compliant with Rule 237.3). This Court has "recognized that the purpose of Rule 237.3 is to ease the burden of parties who move promptly for relief from judgment entered by

default or non pros" and that "courts should not be astute in enforcing technicalities to defeat apparently meritorious claims." **Smith**, 29 A.3d at 26 (citations and quotation marks omitted); **see also** Pa.R.Civ.P. 126(a) (Calling for liberal construction of our Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable.  The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantive rights of the parties.").

Like **Boatin**, the trial court here should have excused Smith's failure to attach an answer to the Petition and not relied on its omission as a basis to deny relief.  **See Boatin**, 955 A.2d at 428-29.  Accordingly, as we did in **Boatin**, we assess whether the Petition satisfies Rule 237.3(b)(2)'s two requirements—filing the petition to open within ten days of the judgment's entry and stating a meritorious defense—such that the trial court was required to open the default judgment.  **See Boatin**, 955 A.2d at 427-29.

To begin, we agree with the trial court that Smith filed the Petition within ten days of the entry of the default judgment.  Trial Court Opinion, 11/6/2025, at 3; **see also** Pa.R.Civ.P. 237.3(b)(2).  The default judgment was entered against Smith on August 19, 2025.  Smith filed his Petition seven days later on August 26, 2025.

The trial court went on to conclude that Smith's Petition failed "to state any defense, let alone a meritorious defense." Trial Court Opinion, 11/6/2025,

- 9 -

at 3. "[T]o state a meritorious defense, a petitioner need only allege a defense that entitles him to a judgment in his favor, if proven at trial." ***Boatin***, 955 A.2d at 429 (citation omitted). We have interpreted the "meritorious defense" requirement as a defense that is "set forth in precise, specific, clear, and unmistaken terms." ***Cent. Penn Nat. Bank v. Williams***, 523 A.2d 1166, 1169 (Pa. Super. 1987) (quotation marks and citations omitted).

In his brief before this Court, Smith argues that assertions he made within the Petition itself were sufficient to satisfy the meritorious defense requirement.[5] Smith's Brief at 24-25, 28. The Petition asserted (1) Crown

_____

[5] Paragraph fourteen of Smith's Petition indicated that he stated his meritorious defense in his answer and new matter and attached it as an exhibit. Petition, 8/26/2025, ¶ 14. As noted above, though, Smith did not attach that document to his Petition. Stating conclusively in the Petition that he had a meritorious defense was insufficient to satisfy the meritorious defense requirement. ***See Seeger v. First Union Nat. Bank***, 836 A.2d 163, 166 (Pa. Super. 2003) ("Merely asserting in a petition to open default judgment that one has a meritorious defense is insufficient. The moving party must set forth its meritorious defense.") (citation omitted).

Moreover, as the trial court correctly stated, the new matter attached to the Second Petition asserted nothing more than a laundry list of boilerplate defenses, completely devoid of any supporting facts. ***See*** Pet. to Open Default Judgment, 9/2/2025, Ex. A (Answer and New Matter, ¶¶ 6-29); ***see also*** Trial Court Opinion, 11/6/2025, at 4. This is insufficient to raise a meritorious defense. ***See Cent. Penn Nat. Bank***, 523 A.2d at 1169; ***see also Scalla v. KWS, Inc.***, 240 A.3d 131, 145 (Pa. Super. 2020) (concluding that petitioner did not state a meritorious defense in its proposed answer attached to a petition to open a default judgment where the defenses asserted were boilerplate allegations devoid of any supporting facts and did not refute the complaint's allegations with particularity); ***Smith***, 29 A.3d at 28 (holding appellants were not entitled to relief under Pa.R.Civ.P. 237.3(b) because their petition to open a default judgment did not set forth a meritorious defense
*(Footnote Continued Next Page)*

- 10 -

lacked standing because as a third-party debt buyer, the complaint and attachments did not establish a plausible connection between the parties or a transparent chain of custody; (2) the complaint was unclear as to specific dates and thus failed to state a breach of contract action; (3) the sum demanded by Crown was inaccurate and the complaint failed to detail how it was calculated; and (4) the parties did not enter into a legally binding agreement. Petition, 8/26/2025, ¶ 15(a)-(d).[6]

None of these assertions states a meritorious defense. Smith's claim that the complaint lacked a "transparent chain of custody" without a "plausible connection" between him and Crown is belied by the complaint itself. Crown specifically alleged Smith incurred debt to FinWise Bank and that Crown was the assignee and owner of Smith's debt that originated from FinWise Bank. Compl., 6/9/2025, ¶¶ 3-4. A signed verification from a legal document specialist at Crown, attached to the complaint, attested that Crown was the current owner of the debt and had been assigned the rights to Smith's account. *Id.*, Verification. An attached promissory note, signed by Smith, showed that Upstart Network, Inc. was FinWise Bank's servicer, and an

---

supported by factual allegations but rather set forth conclusions of law and challenges to the adverse party's proof).

[6] Smith's supporting memorandum of law, filed on August 26, 2025 in the trial court, repeated these same assertions. Memorandum of Law in Support of Defendant's Motion to Open Default Judgment, 8/26/2025, at 4-5 (unpaginated).

attached bill of sale showed that Upstart Network, Inc. assigned its charged-off loans to Crown. ***Id.***, Ex. A (Promissory Note, 4/26/2022; Bill of Sale, 9/26/2023).

Smith's assertion that Crown failed to state a claim for breach of contract because of non-specific dates is likewise refuted by the complaint, verification, and attached documents. A breach of contract claim requires the establishment of the existence of a contract, a breach of duty imposed by the contract, and resultant damages. ***TCS Black Label Realty, LLC v. Serhant Pennsylvania, LLC,*** 352 A.3d 528, 550 (Pa. Super. 2026). Crown alleged these elements in its complaint. Compl., 6/9/2025, ¶¶ 3-5. Further, the attached verification and promissory note contain specific dates of when Smith first incurred the debt (August 27, 2022), made his last payment (March 27, 2023), and the debt was charged off (August 26, 2023). ***Id.***, Verification, Ex. A (Promissory Note, 4/26/2022).

As to Smith's dispute over the amount owed and its calculation, the documents attached to Crown's complaint included an accounting of Smith's account, including the loan due date, loan origination date, principal, charged-off date, amount owed, and principal and interest at charge off. ***Id.***, Ex. A (Smith's account file). Further, the promissory note signed by Smith included the loan amount, interest rate, term, monthly payment amount, and fees. ***Id.***, Ex. A (Promissory Note, 4/26/2022).

Finally, Smith's allegation that he did not enter into a legally binding agreement with Crown is refuted by the promissory note signed by Smith, which included an assignment clause. *Id.* Because Smith's assertions do not set forth a meritorious defense, his Petition does not entitle him to relief under Rule 237.3(b)(2).

Smith's remaining claims are addressed to the trial court's failure to find he filed the Second Petition within the ten-day period of Rule 237.3 and its refusal to analyze his Second Petition pursuant to the *Schultz* factors—prompt filing, reasonable excuse, and a meritorious defense—which he contends would have resulted in the trial court opening the default judgment. *See* Smith's Brief at 20-32. The law is clear that Smith was required to raise all grounds for relief in a single petition; the trial court was not obligated to give Smith another opportunity to avoid default judgment by considering his Second Petition. *See* Pa.R.Civ.P. 237.3(a). Smith's Petition already constituted a second (or third) chance—the filing of his Petition was necessitated by his failure to respond to the complaint or to notice of intent to enter default judgment. Smith had an opportunity to raise a meritorious defense in his Petition; having failed to do so, he was not entitled to another opportunity in his Second Petition in the hopes of meeting the meritorious

defense requirement.[7]  Accordingly, we discern no error in the trial court's decision not to consider the Second Petition.

For the foregoing reasons, we find no abuse of discretion in the trial court's determination that Smith was not entitled to open the default judgment entered against him, albeit on different grounds.  ***See Layton-Herron v. Litke***, 352 A.3d 510, 520 n.7 (Pa. Super. 2026) ("[A]s an appellate court, we may affirm the judgment of the lower court where it is correct on any legal ground or theory disclosed by the record, regardless of the reason or theory adopted by the trial court.") (citations, quotation marks, and some brackets omitted).  Accordingly, we affirm.

_____

[7]  Regardless, as we already observed, Smith did not raise a meritorious defense in his Second Petition either.  ***See supra***, note 5.  We further note that despite Smith's argument otherwise, we agree with the trial court that he did not file the Second Petition within the ten-day period contemplated by Rule 237.3.  As stated above, he filed the Second Petition on September 2, 2025, fourteen days after the date of the entry of judgment.  ***See*** Pa.R.Civ.P. 237.3(b)(2) (requiring the petition to be "filed within ten days after the entry of a default judgment on the docket"); ***see also Attix***, 925 A.2d at 867 ("[T]he only date that is relevant for determining whether the petition to open was timely filed is the date on which the judgment was entered on the docket."); Trial Court Opinion, 11/6/2025, at 3.

- 14 -

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 6/17/2026