J-S82016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LIMING WANG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT GUISEPPE TALOTTA, | : | |
| GEARY STREET TOWNHOMES, LLC | : | |
| AND JING PU | : | No. 22 EDA 2018 |
| | : | |
| | : | |
| APPEAL OF: GEARY STREET | : | |
| TOWNHOMES, LLC | : | |

Appeal from the Order Entered November 16, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  02915 September Term, 2016

BEFORE:   LAZARUS, J., OLSON, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 25, 2019**

Appellant, Geary Street Townhomes, LLC, appeals from the order of November 16, 2017 in the Civil Division of the Court of Common Pleas of Philadelphia County that denied its petition to open a default judgment entered in favor of Liming Wang (Wang).  We affirm.

Wang commenced this action on September 26, 2016 by filing a complaint for mortgage foreclosure against defendant Guiseppe Talotta (Talotta).  Thereafter, on January 20, 2017, Wang filed an amended complaint naming Appellant and Jing Pu (Pu) as defendants.  Wang served Appellant with the amended complaint on March 18, 2017.  Thus, Appellant had 20 days, or until April 7, 2017, to file an answer or preliminary objections to the amended complaint.  *See* Pa.R.C.P. 1026(a).

_____

*   Retired Senior Judge assigned to the Superior Court.

When no responsive pleading was forthcoming, Wang, on April 26, 2017, sent Appellant notice of her intent to enter default judgment. ***See*** Pa.R.C.P. 237.1. Thereafter, on May 11, 2017, Wang filed a preacipe to enter default judgment against Appellant. On June 21, 2017, Appellant retained counsel who entered his appearance on Appellant's behalf. Counsel then contacted counsel for Wang seeking a stipulation to vacate the default judgment, but counsel for Wang refused. On September 18, 2017, Appellant filed a petition to open the default judgment entered on May 11, 2017. Appellant's petition explained that it was unable to retain counsel within the period for filing an answer or within the ten-day period after entry of the default judgment.[1] The trial court denied Appellant's petition on November 16, 2017. In its July 26, 2018 opinion, the trial court stated that Appellant's petition was not promptly filed and that Appellant's excuse for failing to respond was unreasonable. This appeal followed.

Appellant's brief raises the following questions for our review.

Should the [trial] court have considered [Appellant's petition to open default judgment] in accordance with equitable principles as required by the Supreme Court of Pennsylvania?

Should the [trial] court have found that Appellant satisfied the three-prong requirement for opening a judgment by default?

---

[1] Rule 237.3 governs relief from judgment of *non pros* or by default and directs the court to open a judgment where the defaulting party files its petition to open within ten days of entry of the adverse judgment and attaches a proposed answer stating a meritorious defense. ***See*** Pa.R.C.P. 237.3.

Appellant's Brief at 6.

Before we address the merits of Appellant's claims, we briefly consider a contention advanced by Wang that pertains to our jurisdiction. Specifically, Wang argues that we lack jurisdiction over this appeal because the order entering default judgment against Appellant was not final and appealable. In support of this contention, Wang points out that the order did not dispose of claims against Talotta and Pu and did not assess damages against Appellant. **See** Wang's Brief at 3. "This Court has held that a party may petition to open a default judgment prior to the assessment of damages and that an appeal from an order denying such a petition is appealable under Pa.R.A.P. 311(a)(1)[, which allows appeals of interlocutory orders that deny requests to open a judgment.]" **Boatin v. Miller**, 955 A.2d 424, 433 n.2 (Pa. Super. 2008); **see also Mother's Restaurant, Inc. v. Krystkiewicz**, 861 A.2d 327, 334-336 (Pa. Super. 2004) (*en banc*). Wang cites no case law in support of her position and our own research has not uncovered precedent that precludes jurisdiction over this interlocutory appeal as of right. In view of these circumstances, we conclude that we possess jurisdiction to review Appellant's claims.

Appellant's issues are closely related and we shall address them in a single discussion. Appellant argues that the trial court abused its discretion in denying its petition to open the May 11, 2017 default judgment. In developing this claim, Appellant asserts that it did not act in a dilatory fashion,

that it demonstrated its intent to defend the case, and that it experienced difficulty in retaining counsel in a timely manner because Wang's allegations were not covered by a policy of insurance and Appellant was required to act on its own in financing a defense. *See* Appellant's Brief at 13.

The following principles govern our review of Appellant's contentions.

In general, a default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading. The standard of review for challenges to a decision concerning the opening of a default judgment is well settled.

A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

However, we will not hesitate to find an abuse of discretion if, after our o[w]n review of the case, we find that the equities clearly favored opening the judgment.

An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

***Smith v. Morrell Beer Distributors, Inc.***, 29 A.3d 23, 25 (Pa. Super. 2011) (quotation omitted).

After careful review, we conclude that Appellant is not entitled to relief. As a preliminary matter, we agree with the trial court that Appellant did not act promptly in filing its petition to open the default judgment. Instead,

Appellant waited months to file its petition, long after Wang entered default judgment and Appellant retained counsel. Lastly, Appellant's explanation for its delay – difficulty in retaining counsel – is entirely unconvincing. Apart from its obligation to pay for legal representation, Appellant has not referred us to an undue hardship or other obstacle which delayed its response. We are unwilling to view this circumstance as a reasonable excuse or explanation for Appellant's failure to file a responsive pleading.[2] Accordingly, we affirm.

Order affirmed. Application to strike Appellant's reply brief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/19

---

[2] The record reveals that Appellant is a real estate developer in the Philadelphia area.