J-A07042-21

2021 PA Super 84

| PCS CHADAGA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMANDA TORRES AND LUIS | : | |
| TORRES-USECHI | : | |
| | : | No. 1018 MDA 2020 |
| | : | |
| APPEAL OF:  AMANDA TORRES | : | |

Appeal from the Order Entered July 16, 2020
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2017-CV-05480-DJ

BEFORE:   BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                                      **FILED MAY 04, 2021**

Appellant Amanda Torres appeals from the Order entered in the Court of Common Pleas of Dauphin County on July 16, 2020, granting Appellee PCS Chadaga possession of a rental premises following Appellee's filing of a landlord/tenant complaint.[1]   We affirm.

The trial court sets forth the procedural history herein as follows:

> [Appellee] commenced this landlord-tenant action by Complaint filed September 14, 2017, following [Appellant's] appeal of judgment in [Appellee's] favor before the magisterial district court. [Appellee] alleges that [Appellant] [is] in breach of a rental agreement for property at 35 Oak Knoll Estates, a mobile

---

[*] Former Justice specially assigned to the Superior Court.
[1] Appellant previously was married to Luis Torres-Usechi who had been named as a defendant in the Complaint.  The two are now divorced, and Mr. Torres-Usechi no longer lives on these premises and is not involved in this appeal. Brief for Appellant at 4.  Thus, we refer to Appellant in the singular throughout this Opinion.

home community, by [her] frequent delinquencies in rent and failure to pay any rent since July 2017. (Complaint, para. 1-7). [Appellee] further alleges that [Appellant] breached the terms of the rental agreement by harassing a neighboring tenant, allowing [her] dog to foul another tenant's property, failing to maintain the exterior of [her] mobile home, failing to maintain exterior landscaping, and allowing accumulation of debris. (Id., para. 9-14), [Appellant] filed an Answer with New Matter on October 5, 2017, to which [Appellee] filed an Answer on March 18, 2019. During the pendency of the litigation, [Appellant] made monthly deposits of escrow funds in accordance with Dauphin County Local Magisterial District Justice Rule 1008B.I [Appellee] periodically filed motions for release of funds.

On March 26, 2019, following compulsory arbitration, arbitrators found in favor of [Appellee] in the amount of $5001.00 and granted possession of the property to [Appellee]. [Appellant] appealed. [Appellant] continued to deposit escrow funds, which the Court released to [Appellee] upon motion.

On June 10, 2020, we conducted a bench trial. We announced our ruling in favor of [Appellee], and the reasons therefore, at the close of testimony. On June 30, 2020; we entered a written order award[ing] [Appellee] the sum of $6,222.80, which included attorneys' fees. On July 16, 2020, we ordered:

Inasmuch as [Appellee's] Complaint seeks possession of the premises and judgment having been granted in [Appellee's] favor on June 10, 2020, [Appellee's] demand for possession is GRANTED. (Order, July 16, 2020).

On August 3, 2020 [Appellant] filed a Notice of Appeal which stated:

AND NOW, this day of August 2020 comes [Appellant], by [her] attorneys Richard K. Konkel, Esquire and CGA Law Firm, and give this Notice of Appeal to [the] Superior Court of Pennsylvania, appealing the Honorable John F. Cherry's Order of Court entered July 16, 2020, granting [Appellee's] demand for possession because no evictions are being permitted to go forward at this time due to COVID -19. Copy of Order is attached.

([Appellant's] Notice of Appeal, August 3, 2020).

Pursuant to our order to so, [Appellant] filed a Concise Statement of Matters Complained of on Appeal on October 9, 2020. [Appellant] asserted that orders of the Pennsylvania

J-A07042-21

Supreme Court and Pennsylvania Governor Thomas Wolf apply to the within action to prohibit eviction of [Appellant].

As stated above, we set forth our findings of fact, reasoning, and conclusions of law in open court at the conclusion of the bench trial, specifically finding the grounds for grant of possession in favor of [Appellee]. Those reasons render [Appellant's] claims on appeal meritless.

_____

[1]Dauphin County Local Rule of Magisterial District Court Rule 10081B, Landlord and Tenant Appeals provides:

In cases where the tenant in possession of real property desires to appeal from a judgment for the possession of said entered by a Magisterial District Judge of the court and does not desire to or is unable to file a bond with surety as required by Pa.R.C.P.D.J. 1008B, such tenant, upon application to and approval by the Court, may be permitted to deposit rental payments corning due during the proceedings in the Court of Common Pleas in an escrow account in a bank or trust company approved by the Court. No withdrawals shall be permitted from any such escrow account except pursuant to court order. At the conclusion of the proceedings, such deposits shall be applied to the payment of any judgment (Including costs) against the tenant rendered on appeal,

Trial Court Opinion, filed 11/4/20, at 1-3.

At the conclusion of the bench trial, the trial court stated the following on the record:

Well, I've listened to the evidence and these things are never pleasant because [Appellant] is a decent, hard-working woman. She's owned the home since 2008. She admitted that she's in violation. She needs to replace the porch and repair the skirting and that she's been paying rent into escrow.

She also admitted that she was given notice to get rid of the dog and obviously she didn't comply. Of course, those are very hard things to do.

Nonetheless, there is a history here of nonpayment. And the balance due is $6,222.80, roughly 2,400 of that attorney

- 3 -

fees, which brings us to around 3,800 in past due rent and that's for a long period of time.

These and other issues involving the property, particularly payment problem since 2013 but particularly now it appears to be $3,800 in rent for that lot due and – which would amount to around three years of rent with attorney fees of $2,399.50.

I find for [Appellee] in the amount of $6,222.80. As I indicated, the attorney fees are included in that fee, Thank you.

N.T. Bench Trial, 6/10/20, at 33-34.[2]

In her brief, Appellant presents the following question for this Court's review:

Whether the [t]rial [c]ourt erred by granting possession of the premises at issue by its Order dated July 16, 2020, when an Executive Order of the Governor of Commonwealth of Pennsylvania was in effect which extended the evictions and foreclosures moratorium through August 31, 2020, and that the Governor's Executive Order applied to the Landlord/Tenant Act of 1951 and the Manufactured Home Community Rights Act, which is the Act under which the present case was brought?

Brief for Appellant at 3.

Before we determine the merits of this issue, we first consider whether Appellant has preserved it for appellate review.

To preserve a claim of error for appellate review, a party must make a specific objection to the alleged error before the trial court in a timely fashion

_____

[2] In its Rule 1925(a) Opinion, after finding no merit to Appellant's appeal, the trial court stressed Appellant's failure to request a transcript of the Bench Trial and include it in the certified record as required by Pa.R.A.P. 1911 impeded its ability to consider any issues Appellant raised on appeal and, therefore, rendered them waived. *See* Trial Court Opinion, filed 11/4/20, at 3-4. However, Appellant filed a supplemental record containing the transcripts of the proceeding and corresponding exhibits on December 24, 2020, and provided this Court with those documents for our review.

and at the appropriate stage of the proceedings; failure to raise such objection results in waiver of the underlying issue on appeal. ***Commonwealth v. May***, 584 Pa. 640, 887 A.2d 750 (2005), *cert. denied*, 549 U.S. 832, 127 S.Ct. 58, 166 L.Ed.2d 54 (2006) (reiterating absence of specific and contemporaneous objection to error waives issue on appeal); ***Commonwealth v. Arroyo***, 555 Pa. 125, 723 A.2d 162 (1999) (explaining if ground upon which objection is based is specifically stated, all other reasons for its exclusion are waived). Additionally, "the law is clear that issues, even those of constitutional dimension, are waived if not raised in the trial court. A new and different theory of relief may not be successfully advanced for the first time on appeal." ***Commonwealth v. Cline***, 177 A.3d 922, 927 (Pa.Super. 2017), *appeal denied*, 646 Pa. 735, 187 A.3d 210 (2018); Pa.R.A.P. 302(a).

At the outset of the June 10, 2020, bench trial, trial counsel and the trial court engaged in the following exchange:

> Attorney Konkel: Your Honor, I do have a motion to make preliminarily, oral motion. Your Honor, making a motion to stay this proceeding based on the governor's order staying all evictions, foreclosures, and such actions until July the 11th.
> THE COURT: Well, this [c]ourt has an administrative order that as of June 1st, any landlord/tenant actions were to continue –were to begin. And so based on your motion—and there is a Supreme Court order May 11th indicating that all landlord/tenant actions may proceed—so based on all that, your motion is denied.
> Attorney Konkel: Thank you.

N.T. Bench Trial 6/10/20, at 3-4.

As the foregoing evinces, while Appellant initially requested a stay of the proceeding based on Governor Wolf's Executive Order, she neither

specified the basis upon which she deemed that Order applied to the within matter nor did she object to the trial court's explanation of its decision to continue with the proceeding. Therefore, in light of the foregoing, we find Appellant's failure to object in a timely and specific manner to the trial court's decision to continue with the landlord/tenant action she now challenges, coupled with her acquiescence in the trial court's explanation for its decision to proceed, has resulted in her waiver of the issue raised on appeal.

Notwithstanding, even if we were to deem Appellant's claim properly preserved for our review, it would afford her no relief. In 2020, Governor Wolf issued consecutive Executive Orders, pursuant to his emergency powers under the Emergency Code, that barred landlords from evicting residential tenants for defaulting on their rent obligations or overstaying the terms of their residential leases until further notice. ***See*** *Order of the Governor of the Commonwealth of Pennsylvania for Staying the Notice Requirements for Certain Actions Related to the Dispossession of Property* (May 7, 2020), https://www.governor.pa.gov/wp-content/upolads/ 2020/05/2020057-TWW-dispossession-of-property-order.pdf; *Order of the Governor of the Commonwealth of Pennsylvania Staying Notice Requirements for Specified Actions Related to the Dispossession of Property* (July 9, 2020), https://www.governor.pa.gov/wp-content/uploads/2020/07/20200709TWW-eviction-order.pdf.

Section 4 of the July Order, entitled "Scope of Order," specifically provides in relevant part that:

> The provisions of this Order and the suspension of the Acts under this Order apply only to matters involving the nonpayment of monies as well as to those proceedings related to the removal of any tenant solely because the tenant has held over or exceeded the term of a lease. The Order does not apply to suspend notice requirements relating to evictions for breaches of any other covenants.

***See id***.

Herein, Appellant's eviction for maintenance violations and possession of a dog pertain to breaches of covenants other than rent payment. In addition, these violations predated and were in no way caused by the pandemic. Therefore, Appellant's position on appeal that her eviction was prohibited by Governor Wolf's Executive Orders does not present an appealable issue under the plain terms thereof. Appellant does not advance any other viable theory of recovery. Instead, she asks this Court to interpret the Governor's Orders in a manner which would be clearly inconsistent with their stated terms and purpose.

As such, absent waiver, Appellant's issue would lack merit. In light of all of the foregoing, we affirm the trial court's July 16, 2020, Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/04/2021