J-S19005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CITIZENS BANK NA SUCCESSOR BY MERGER TO CITIZENS BANK OF PENNSYLVANIA | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| MIKE SKRZYPCZAK | : : | No. 2561 EDA 2021 |
| Appellant | : | |

Appeal from the Order Entered November 9, 2021
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2019-C-2953

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 23, 2022**

Mike Skrzypczak appeals, *pro se*, from the order granting the motion for summary judgment filed by Citizens Bank, N.A., successor by merger to Citizens Bank of Pennsylvania, and entering a judgment of possession in favor of Citizens Bank, in this ejectment action concerning property in Emmaus, Pennsylvania. After careful review, we affirm.

Citizens Bank initiated the instant ejectment action in 2019 based on Skrzypczak's failure to vacate the subject property after Citizens Bank purchased the property at a sheriff's sale. ***See*** Complaint, 10/2/19, Exhibit B (sheriff's deed recorded on August 2, 2019). Skrzypczak filed preliminary

---

* Former Justice specially assigned to the Superior Court.

objections, asserting only that Citizens Bank failed to attach an abstract of title to the complaint in accordance with Pa.R.C.P. 1054.[1] Following an answer by Citizens Bank, the trial court overruled Skryzypczak's preliminary objections and directed Skrzypczak to file an answer to the complaint.

Skrzypczak filed an answer. Skryzypczak admitted to Citizens Bank's identity as a Pennsylvania corporation but refused to admit or deny whether he was residing or occupying the property at that time. His remaining responses exclusively consisted of general denials.

On September 29, 2021, Citizens Bank filed a motion for summary judgment, arguing Citizens Bank had established that it is the legal owner of the property by virtue of the sheriff's deed; it is entitled to possession of the property; and Skrzypczak did not set forth any facts to refute Citizens Bank's ownership. Skrzypczak did not file an answer. On November 9, 2021, the trial court, treating Citizens Bank's motion for summary judgment as uncontested,[2]

---

[1] Rule 1054(b) dictates, "A party shall set forth in the complaint or answer an abstract of the title upon which the parties relies at least from the common source of the adverse titles of the parties."

[2] Pennsylvania Rule of Civil Procedure 1035.3 provides that "the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days…." Pa.R.C.P. 1035.3(a). Rule 1035.3 also permits a court to enter summary judgment against a party who fails to respond and defers to the court's local rules concerning procedure. **See** Pa.R.C.P. 1035(d) & *Note*; **see also** Leh.R.C.P. No. 1035.2(a)(2) (providing that if a party opposing a motion for summary judgment does not file a response and supporting brief within 30 days, the court may treat the motion as uncontested).

granted the motion and entered a judgment of possession in favor of Citizens

Bank. Skrzypczak, *pro se*, filed a timely notice of appeal.[3]

In reviewing a trial court's grant of summary judgment, we are guided

by the following principles:

We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Good v. Frankie & Eddie's Hanover Inn, LLP*, 171 A.3d 792, 795 (Pa.

Super. 2017) (citation omitted).

In his appellate brief, Skrzypczak raises the following issues for review:

1. Did the Court of Common Pleas erroneously grant [Citizens Bank] possession of real estate property that was subject to division in a previous divorce case?

2. Has [Citizens Bank] resorted to extrajudicial means of trying to get [Skryzypczak] out of the residence?

Appellant's Brief at 6.

_____

[3] We note that Skrzypczak was represented by counsel during the underlying proceedings. There is no indication in the certified record that Skryzypczak's counsel ever withdrew his appearance in the trial court. However, we note that Skrzypczak filed this appeal *pro se* and has proceeded *pro se* at all times during this appeal. As Skrzypczak has no clearly established right to counsel for this appeal, we do not address the propriety of counsel's actions.

Skrzypczak did not respond to Citizens Bank's motion for summary judgment, nor did he otherwise raise either of these issues before the trial court. Arguments not initially raised in opposition to a motion for summary judgment may not be raised for the first time on appeal. *See Harber Phila. Ctr. City Office Ltd. v. PLCI Ltd. P'ship*, 764 A.2d 1100, 1105 (Pa. Super. 2000); *see also PCS Chadaga v. Torres*, 252 A.3d 1154, 1158 (Pa. Super. 2021) (stating that "[a] new and different theory of relief may not be successfully advanced for the first time on appeal." (citation omitted)). Therefore, Skrzypczak's claims are waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Skrzypczak failed to preserve any claims for our review. Moreover, because Skrzypczak did not respond to Citizens Bank's motion for summary judgment within 30 days, the trial court did not err by treating the motion as uncontested pursuant to Leh.R.C.P. No. 1035.2(a)(2). We therefore affirm the trial court's order granting Citizens Bank's motion for summary judgment and entering a judgment of possession in favor of Citizens Bank.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/23/2022</u>