J-A20018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| 570 EVENT GROUP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CITY BROKERS, LLC, GREGORY | : | |
| BARROUK, MARK COSTANZO AND | : | |
| EUGENE SLUSSER | : | No. 1352 MDA 2022 |
| | : | |
| | : | |
| APPEAL OF: CITY BROKERS, LLC | : | |

Appeal from the Order Entered August 8, 2022
In the Court of Common Pleas of Luzerne County
Civil Division at 2021-09283

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                     **FILED SEPTEMBER 19, 2023**

City Brokers, LLC (Appellant), appeals from the order denying its petition to open the default judgment entered against Appellant, and in favor of 570 Event Group (Buyer).  We affirm.

Named defendant Eugene Slusser (Seller) was the owner of commercial property in Wilkes-Barre, Pennsylvania.  Before listing the property for sale, Seller hired Mark Costanzo (Contractor) to install a new roof on the property.

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant, a limited liability corporation owned by Larissa Cleary (Cleary),[1] was the real estate brokerage firm involved in the sale.[2]

Buyer purchased the property in 2020, "largely due to a listing indicating 'The property has a brand-new roof with a 25-year transferable warranty.' …" Complaint, 9/17/21, ¶ 13; **see also id.**, Exhibit A (Real Estate Inspection Report (including a screenshot of a portion of the relevant listing)). Shortly after purchase, Buyer began to experience problems with the roof. An inspection revealed the roof was unsatisfactory and was not covered by a warranty. **See id.**, ¶¶ 16-17.

On September 17, 2021, Buyer filed a complaint asserting causes of action for detrimental reliance and breach of express warranty against Appellant.[3] Appellant did not file an answer. On November 11, 2021, Buyer sent Appellant, by certified mail, a 10-day notice of intent to seek a default judgment. Upon praecipe by Buyer, the prothonotary entered default judgment against Appellant on November 24, 2021.

_____

[1] Cleary is a real estate broker/agent. Trial Court Opinion, 12/28/22, Findings of Fact ¶ 1, 3.

[2] Gregory Barrouk, a real estate agent who worked for Appellant at the time, was also involved in the sale.

[3] Buyer also named Seller and Barrouk in the detrimental reliance and breach of express warranty actions. The complaint also alleged causes of action for fraudulent misrepresentation and negligent misrepresentation against Seller, and a breach of contract action against Contractor. Appellant is the only named defendant involved in this appeal, and we limit our review of the procedural history accordingly.

Several months later, on February 25, 2022, Appellant filed a petition to open the default judgment. Appellant acknowledged that Cleary, as an agent of Appellant, was served with the complaint on October 15, 2021. Petition to Open, 2/25/22, ¶ 12; *see also* Trial Court Opinion, 12/28/22, Findings of Fact ¶ 7. Appellant also alleged the following:

> 13. On November 3, 2021, [] Cleary visited [Buyer's] counsel's office to advise that she would be defending herself.
>
> 14. On November 11, 2021, a ten-day notice of default judgment was sent to [] Cleary; however, she did not receive the letter until the ten days had already passed.
>
> 15. On November 24, 2021, a default judgment was entered against [Appellant,] to which [] Cleary promptly filed [*sic*] Markel Insurance [(Markel)], the insurance carrier that [Appellant] had a policy with at the time of the property's closing in November of 2020.
>
> 16. Markel [] disclaimed coverage on December 9, 2021[,] since they have a claims made policy and the claim was made outside of the policy period. …
>
> 17. When informed of Markel's denial of coverage, [] Cleary immediately filed the claim with [Appellant's] current insurer, Hiscox Insurance [(Hiscox).] on December 9, 2021. …

Petition to Open, 2/25/22, ¶¶ 13-17 (some capitalization omitted); *see also id.*, Exhibit A (handwritten note to Buyer's counsel, stating in part, "I Larissa Cleary will be defending myself (City Brokers LLC) in the 570 Event Group dispute[.]").

Appellant attached to the petition to open a proposed answer and new matter alleging, *inter alia*, that Appellant is bound by the arbitration provision contained in the Agreement for the Sale of Commercial Real Estate (Sales

Agreement).[4]  ***Id.***, Exhibit E.  Buyer filed an answer to Appellant's petition to open.

On May 24, 2022, the trial court held a hearing on Appellant's petition to open, at which Cleary testified.  The trial court summarized relevant portions of Cleary's testimony as follows:

8. [] Cleary first reached out to her insurance company on November 1, 2021[,] seeking instruction on how to file a claim.

9. Ms. Cleary received information by email from her insurance carrier as to how to file a claim.  She submitted her claim [] on December 9, 2021[,] and thereafter received a determination from the insurance company that she had submitted the claim to the wrong insurance company.  Ms. Cleary testified that she then believed Markel was the correct insurance company for coverage[,] but she contacted the wrong division of Markel.

_____

[4] Paragraph 25 of the Sales Agreement provides:

**25. ARBITRATION OF DISPUTES (1-00)**

Buyer and Seller agree to arbitrate any dispute between them that cannot be amicably resolved.  After written demand for arbitration by either Buyer or Seller, each party will select a competent and disinterested arbitrator.  The two so selected will select a third.  If selection of the third arbitrator cannot be agreed upon within 30 days, either party may request that selection be made by a judge of a court of record in the county in which arbitration is pending.  Each party will pay its chosen arbitrator, and bear equally expenses for the third and all other expenses of arbitration.  Arbitration will be conducted in accordance with the provisions of Pennsylvania Common Law Arbitration[,] 42 Pa.C.S.A. § 7341 *et seq*.  This agreement to arbitrate disputes arising from this Agreement will survive settlement.

Complaint, 9/17/21, Exhibit B (Sales Agreement).

10. On November 3, 2021, [] Cleary delivered to counsel for [Buyer] a document wherein she indicated she would be defending herself [Appellant] in the … dispute. …

11. Ms. Cleary testified that she was having issues with her phones and her emails.

12. [Buyer] filed [its] ten (10) day notice on November 11, 2021, mailing it on that date **by regular and certified mail** return receipt requested.

13. Ms. Cleary testified that she received a note from the postal carrier on November 23, 2021[,] indicating that she had missed a delivery of a letter.

14. Ms. Cleary testified that she received the ten (10) day notice on the next day, November 24, 2021.

15. Eventually, in late February 2022, her insurance broker reached out to counsel to represent her.

Trial Court Opinion, 12/28/22, Findings of Fact ¶¶ 8-15 (emphasis added).

The trial court denied the petition to open on August 8, 2022. Appellant filed a timely notice of appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant now raises the following claims for review:

A. Should the trial court's August 8, 2022 order that denied the petition to open default judgment filed by [Appellant] be reversed, when, as per paragraph 25 of the "Agreement for the Sale of Commercial Real Estate," that is attached to the complaint in the above-captioned matter, any dispute between the Buyer (Plaintiff/Appellant – 570 Event Group) and the Seller, and/or, in this case, the Seller's Agent ([Appellant]), was required to be arbitrated, and [the trial c]ourt, therefore, had no jurisdiction over the above-captioned matter and could not permissibly have entered judgment against [Appellant]?

B. Should the trial court's August 8, 2022 order that denied the petition to open default judgment filed by [Appellant] be reversed,

when equitable considerations require that [Appellant] receive an opportunity to have the case decided on the merits, because: 1.) [Appellant] satisfied the requirements to open a default judgment; 2.) there was no prejudice to the [Buyer] that resulted from any alleged delay in responding to the complaint or petitioning to open the default judgment; 3.) the [Buyer] merely attempted to take a "snap judgment" against what was, in all respects, an unsophisticated layperson; and 4.) the procedure for the entry of a default judgment stated in the Pennsylvania Rules of Civil Procedure was not properly followed, rendering the default judgment void?

Appellant's Brief at 7-8 (some capitalization omitted).

Appellant first asserts the trial court lacked subject matter jurisdiction based on the arbitration provision in the Sales Agreement. *Id.* at 30. Appellant therefore claims the default judgment it is void. *Id.* at 30-34.

Appellant did not raise this issue in the trial court. Appellant's only "response" to Buyer's complaint was the handwritten note Cleary provided to Buyer's counsel indicating that she would be defending herself. *See* Petition to Open, 2/25/22, Exhibit A. Appellant did not expressly mention the arbitration provision in its petition to open; instead, Appellant generally incorporated its proposed answer and new matter. *Id.*, ¶ 24 ("Regarding a meritorious defense, an Answer with New Matter is attached to this Petition. …"). Further, our review of the hearing transcript reveals no discussion of the arbitration provision or the Sales Agreement. The arbitration provision is only mentioned in Appellant's proposed answer and new matter, attached to its petition to open. Because the trial court did not have an opportunity to review this claim in the first instance, it is waived. Pa.R.A.P. 302(a) ("Issues not

raised in the trial court are waived and cannot be raised for the first time on appeal."); *see also PCS Chadaga v. Torres*, 252 A.3d 1154, 1157-58 (Pa. Super. 2021).

In its second claim, Appellant argues the trial court abused its discretion by declining to open the default judgment.[5]  Appellant asserts it promptly filed the petition to open, and attributes the delay to confusion concerning which insurance company would cover Appellant's defense.  Appellant's Brief at 37; *see also id.* at 42 ("These actions do not show delay on the part of [Appellant] but on the part of its insurers.").  According to Appellant, the trial court applied an "overly-narrow view of 'promptness'" by simply calculating the time between the entry of default judgment and the date Appellant filed the petition

_____

[5] Appellant argues that Buyer did not provide Appellant with ten days' notice prior to seeking default judgment, as required by Pa.R.C.P. 237.1(a)(2)(ii) (requiring party seeking entry of default judgment to attach to its praecipe a copy of the notice delivered or mailed to the opposing party at least ten days prior to entry of judgment).  Appellant's Brief at 56-57.  Appellant concedes the record establishes that Buyer sent the notice of default by certified mail on November 11, 2021, but argues Buyer did not also send notice by U.S. First-Class Mail.  *Id.* at 58.  Contrary to Appellant's characterization of Rule 237.1, Buyer was not required to send notice through both regular and certified mail.  The explanatory comment clarifies, "[t]he ten-day notice may be mailed or delivered.  Registered or **certified mail is not required.** … If the notice is mailed, the ten-day period runs from the date of mailing and not from the date of receipt."  Pa.R.C.P. 237.1, Explanatory Comment (emphasis added).  The record reflects, and Appellant concedes, that Buyer mailed the ten-day notice on November 11, 2021.  Therefore, Buyer substantially complied with Rule 237.1.  *Cf. Erie Ins. Co. v. Bullard*, 839 A.2d 383, 387 (Pa. Super. 2003) ("A record that reflects a failure to comply with Rule 237.1 is facially defective and cannot support a default judgment.").  The trial court likewise found Buyer sent the 10-day notice by regular mail.  *See* Trial Court Opinion, 12/28/22, Findings of Fact ¶ 12.

to open. *Id.* at 38. Appellant contends it contacted Hiscox immediately after learning Markel had denied coverage. *Id.* at 41; *see also id.*, n.4 (arguing the trial court abused its discretion by finding Cleary should have known Markel was not the proper insurer).

Appellant claims it provided a reasonable explanation for the delay in filing a responsive pleading. *Id.* at 44. Appellant avers it informed Hiscox within two weeks of learning Markel was not the proper insurer. *See id.* at 45 (stating, "Hiscox, through oversight or mistake, and not due to any fault on the part of [Appellant], did not retain counsel for [Appellant] for another 2½ months."). Referencing Cleary's handwritten note, Appellant claims Buyer took advantage of Cleary's ignorance of proper procedure. *Id.* at 46-47.

Appellant further argues it raised a meritorious defense in the answer and new matter attached to the petition to open. *Id.* at 49. In particular, Appellant relies on the following portions of its new matter:

> 2. Paragraph 22 of the [Sales] Agreement … states that all representations, claims, advertising, promotional activities, brochures or plans of any kind made by Seller, Brokers, their licensees, employees, officers, or partners are not a part of this Agreement unless expressly incorporated or stated in this Agreement[,] thus [Buyer] has no cognizable cause of action.
>
> ….
>
> 4. Paragraph 23 of the [Sales] Agreement further states that Seller and Buyer acknowledge that any broker identified in the Agreement is not an expert in construction, engineering, code or regulatory compliance or environment matters and was not engaged to provide advice or guidance in such matters and has not made and will not engaged to provide guidance in such matters and has not made and will not make any representations

or warranties nor conduct investigations of the suitability of the Property thus [Buyer] has no cause of action against [Appellant].

5. [Buyer] is bound by Paragraph 25 of the [Sales] Agreement to arbitrate any dispute that cannot be amicably resolved, [and] thus has no standing in this [c]ourt.

*Id.* at 50-51; Petition to Open, 2/25/22, Exhibit E (Answer and New Matter);

*see also* Complaint, 9/17/21, Exhibit B (Sales Agreement). Appellant maintains no prejudice resulted from Appellant's delayed response. Appellant's Brief at 52. Appellant states that Buyer sought a snap judgment against an "unsophisticated layperson." *Id.* at 53-55.

We adhere to the following standard of review:

A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law. However, we will not hesitate to find an abuse of discretion if, after our own review of the case, we find that the equities clearly favored opening the judgment.

*Smith v. Morrell Beer Distribs., Inc.*, 29 A.3d 23, 25 (Pa. Super. 2011) (paragraph break and brackets omitted).

A petitioner seeking to open a default judgment must establish three requirements: "(1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; **and** (3) a reasonable excuse or explanation for its failure to file a responsive pleading." *Id.* (emphasis added; citation omitted). A petitioner must satisfy all three requirements.

Here, the trial court concluded Appellant did not satisfy any of the three requirements. The court found that Appellant's petition to open, filed 93 days

after the entry of default judgment, was not promptly filed. Trial Court Opinion, 12/28/22, at 4. Regarding the second prong, the trial court found Appellant had not met its burden of establishing a meritorious defense and noted there was no testimony on this issue at the hearing. *Id.* at 6. Finally, the trial court determined Appellant had not provided a reasonable explanation or excuse for failing to file a responsive pleading. *Id.* at 4-6. The trial court stated:

> The [c]ourt in reviewing the testimony of [] Cleary found her explanation confusing and not credible. Unlike many defendants, Ms. Cleary was a sophisticated business woman. She [has been] a real estate broker/agent since 2012. She is the owner of City Brokers[,] which is in the business of selling and managing both residential and commercial properties. She in her work capacity must deal regularly with legal documents such as contracts and should know the importance of time deadlines. It appeared to this [c]ourt disingenuous that she would not [have] known with whom she carried insurance.
>
> The [c]ourt recognizes that a default attributable to a defendant's justifiable belief that her legal interests are being protected by her insurance company can excuse the default. However[,] there is no credible evidence that would support such a justifiable belief.
>
> Nor does it appear from the testimony that Ms. Cleary continued to timely follow through with inquiring of the insurance carrier as to the status of the matter.
>
> Ms. Cleary was on notice of an impending lawsuit by letter dated May 27, 2021[,] yet did not reach out to her insurance carrier until November 1, 2021[,] sixteen (16) days after service of the complaint. While Ms. Cleary may not have been under a duty to notify her insurance carrier upon receipt of the letter notifying her as to the impending lawsuit, the [c]ourt found that her knowledge of the situation for that length of time certainly weakened her argument that confusion about her up-to-date

- 10 -

insurer justified her failure to file a timely responsive pleading. If she were unsure as to the insurance carrier for [Appellant,] she had more than ample time to do an investigation. It is also unclear as to whether she initially intended to utilize insurance to defend, as she delivered a letter to [Buyer's] counsel indicating she would be representing herself…. Clearly she understood that no insurance carrier was actively conducting a defense and therefore did not have a justifiable belief that the interests of [Appellant] were being protected. This[,] coupled with her confusing testimony wherein she raised additional issues such as having trouble receiving mail/email at her business and the possibility of her identity being stolen[,] all led the [c]ourt to its determination that she on behalf of [Appellant] did not have a credible reason for the failing to file a timely responsive pleading.

*Id.* (citation omitted).

In evaluating Appellant's proffered explanations for the delay — alleged nonreceipt of the notice of default judgment, confusion about the appropriate insurance carrier, and Hiscox's delay in hiring counsel — the trial court found Cleary's testimony was not credible. We may not revisit the trial court's credibility determinations. *See generally Shepherd v. Pittsburgh Glass Works, LLC*, 25 A.3d 1233, 1245 (Pa. Super. 2011) ("[A]ssessments of credibility and conflicts in evidence are for the trial court to resolve; this Court is not permitted to reexamine the weight and credibility determinations or substitute our judgment for that of the factfinder." (citation omitted)).

Regardless, we conclude the trial court did not error or abuse its discretion by denying Appellant's petition to open. Before Buyer sent the ten-day notice to Appellant, Cleary informed Buyer's counsel that she would defend Appellant in the action. Trial Court Opinion, 12/28/22, Findings of Fact, ¶¶ 10, 12 (finding Cleary delivered her handwritten document to Buyer

- 11 -

on November 3, 2021, and Buyer mailed the ten-day notice to Appellant on November 11, 2021). Nonetheless, Appellant did not file a responsive pleading, nor did Appellant inform Buyer of its intent to pursue representation through its insurance carrier. Appellant failed to establish the delay was the result of a mere oversight, rather than an affirmative decision not to defend the action. *Seeger v. First Union Nat'l Bank*, 836 A.2d 163, 167 (Pa. Super. 2003) ("Excusable negligence must establish an oversight rather than a deliberate decision not to defend."). Under these circumstances, the trial court did not abuse its discretion in concluding Appellant's explanation for the delay was unreasonable.[6]

Because Appellant failed to satisfy the three requirements for opening the default judgment, the trial court did not err or abuse its discretion in denying Appellant's petition to open.

Order affirmed.

---

[6] In light of this conclusion, we need not address the remaining two requirements. However, regarding Appellant's asserted meritorious defense, *i.e.*, the arbitration provision, we note that Appellant is not a signatory to the Sales Agreement and fails to explain its authority to compel arbitration as a non-signatory. *See generally Smith*, 29 A.3d at 26 (explaining that to plead a meritorious defense in the context of a petition to open, "[t]he defendant must set forth the defense in precise, specific and clear terms." (citation, quotation marks and ellipses omitted)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>09/19/2023</u>