J-A14015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| WILLIAM EDWARDS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHECKERS DRIVE-IN RESTAURANTS, | : | |
| INC., SRI GUNINA, LLC, PANDYA | : | |
| RESTAURANTS, LLC, PANDYA REAL | : | No. 2252 EDA 2022 |
| ESTATE HOLDINGS, LLC, PANDYA | : | |
| MANAGEMENT, LLC, BRANDON | : | |
| VENABLE, JIGNESH PANDYA, THE | : | |
| ROHAN GROUP, LLC, JOHN DOE #1, | : | |
| JANE DOE #1, JOHN DOE #2, JOHN | : | |
| DOE #3, JOHN DOE #4, JOHN DOE | : | |
| LLC OR CORPORATION #1, JOHN | : | |
| DOE LLC OR CORPORATION #2, | : | |
| JOHN DOE LLC OR CORPORATION | : | |
| #3, JOHN DOE LLC OR | : | |
| CORPORATION #4 | : | |
| | : | |
| | : | |
| APPEAL OF: JIGNESH PANDYA | : | |

Appeal from the Order Entered June 29, 2022
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2020-C-01336

BEFORE: PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 2, 2023**

Appellant, Jignesh Pandya, appeals from the order entered by the Lehigh

Court of Common Pleas on June 29, 2022, denying Appellant's Petition to Open

and/or Strike Default Judgment. After careful review, we affirm the order.

In June 2020, Appellee, William Edwards, filed a Writ of Summons and

a Complaint naming numerous defendants, including Appellant, in regard to

an alleged assault of Appellee by an employee of the Checkers Drive-in Restaurant in Allentown.[1]  Appellee filed claims against Appellant sounding in, *inter alia*, negligent supervision and vicarious liability.  Appellee's initial attempts to serve Appellant and the Pandya Defendants were unsuccessful. In September and October 2020, Appellee filed Amended and Second Amended Complaints in response to preliminary objections filed by Checkers.

In December 2020, Appellee filed a Praecipe to Reissue the Writ of Summons.  Relevant to the instant appeal, on December 21, 2020, Appellee filed an Acceptance of Service, signed on that date by "Krupa Patel" stating that "I hereby accept service of the Reissued Writ of Summons on behalf of the defendants named above and certify that I am authorized to do so."[2] Acceptance of Service, 12/21/20.  The "defendants named above" included Appellant and the other Pandya Defendants.

Appellee additionally filed an Affidavit of Service stating that he mailed the Second Amended Complaint to Appellant and the other defendants on December 31, 2020, to which Appellant did not respond.  On February 4, 2021, Appellee filed an Affidavit of Service, indicating that he mailed ten-day notices

---

[1] Appellee named various individuals and entities as defendants, including Checkers Drive-In Restaurants, Inc. ("Checkers") as well as Appellant and the following entities connected to Appellant: Sri Gunina, LLC; Pandya Restaurants, LLC; Pandya Real Estate Holdings, LLC; Pandya Management, LLC; and The Rohan Group, LLC (collectively, "Pandya Defendants").  Only Appellant filed the current appeal.

[2] The court later found that Ms. Patel served as controller for Appellant and the Pandya Defendants for fifteen years.  Tr. Ct. Op., 6/29/22, at 11.

of intent to take default judgment pursuant to Pa.R.Civ.P. 237.1 ("Ten-Day Notices") to Appellant and all defendants other than Checkers on January 21, 2021. The court entered default judgment against Appellant and the other defendants, except for Checkers, on February 4, 2021, with the amount to be determined later.

On May 6, 2021, Appellant and the other Pandya Defendants filed a Petition to Open and/or Strike Default Judgments, generally claiming that he had not received proper service because Ms. Patel did not have authority to accept service for Appellant and the Pandya Defendants.[3]

On March 9, 2022, the court held argument on the Petition to Strike and a hearing on the Petition to Open, during which Appellant, Ms. Patel, and Lehigh County Constable Dennis C. Huber, who obtained Ms. Patel's signature on the Acceptance of Service, testified. On June 29, 2022, following post-hearing briefing, the trial court denied Appellant's Petition to Open and/or Strike Default Judgment, finding that Appellant had received service based upon the Acceptance of Service form signed by Ms. Patel.

On July 29, 2022, Appellant filed a Notice of Appeal. After Appellant filed his Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal, the trial court issued a statement pursuant to Rule 1925(a), referencing the reasoning included in its June 29, 2022 Opinion.

---

[3] Appellant additionally asserted technical challenges claiming that the Acceptance of Service form failed to comply with Pa.R.Civ.P. 402(b). The trial court rejected the claims, which Appellant does not raise on appeal.

Before this Court, Appellant challenges the trial court's denial of the Petition to Strike and/or Open Default Judgment. While phrased as eleven queries, we find that Appellant raises two overarching questions on appeal:

1. Whether the trial court erred or abused its discretion by denying the Petition to Open the Default Judgment after finding that Appellant received service of the Writ of Summons and the Second Amended Complaint based upon the Acceptance of Service signed by Ms. Patel?

2. Whether the trial court erred as a matter of law by denying the Petition to Strike the Default Judgment because the Writ of Summons failed to comply with Pa.R.Civ.P. 402(b) and Appellee did not file a return of service pursuant to Pa.R.Civ.P. 405?[4]

**A.**

Appellant first challenges the trial court's denial of his Petition to Open Default Judgment. "A petition to open a default judgment is an appeal to the equitable powers of the court." *Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa. Super. 2011) (citation omitted). Thus, the decision to grant or deny the petition "is within the sound discretion of the trial court, and [appellate courts] will not overturn that decision absent a manifest abuse of discretion or error of law." *Id.* (citation omitted). It is well-established that

---

[4] Appellant's eleven questions span seven pages of his brief, while his argument is divided in only six parts. Appellant's Br. at viii-xiv. His brief, therefore, violates Pennsylvania's Rules of Appellate Procedure, which mandate that appellants "state concisely the issues to be resolved," and require that "the argument shall be divided into as many parts as there are questions to be argued[.]" Pa.R.A.P. 2116, 2119. Moreover, Appellant fails to include a copy of his Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal in his brief in violation of Pa.R.A.P. 2111. While the violations do not prevent our review of the merits, we reframe and condense the issues for ease of discussion.

"[i]ssues of credibility and conflicts in evidence are for the trial court to resolve; this Court is not permitted to reexamine the weight and credibility determinations or substitute our judgment for that of the factfinder." *Ruthrauff, Inc. v. Ravin, Inc.*, 914 A.2d 880, 888 (Pa. Super. 2006) (citation omitted).

A court may grant a petition to open default judgment only if the moving party demonstrates that it "(1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." *Digital Commc'ns Warehouse, Inc. v. Allen Invs., LLC*, 223 A.3d 278, 285 (Pa. Super. 2019) (citation omitted).

When the moving party challenges the validity of service, as in the instant case, the court must consider that issue first, because without proper service the court has neither jurisdiction over the defendant nor the authority to enter judgment against the defendant. *Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 919 (Pa. 1997). "In making this determination, a court can consider facts not before it at the time the judgment was entered." *Id.* (citation omitted).

The Rules of Civil Procedure set forth procedures for serving original process but also provides that "[i]n lieu of service under this rule, the defendant or his authorized agent may accept service of original process by filing a separate document which shall be substantially" in the form set forth in Rule 402(b). Pa.R.Civ.P. 402(b). While Rule 405 generally requires persons

serving process to file a Return of Service, Rule 405(f) instructs that "[a] return of service shall not be required when the defendant accepts service of original process." Pa.R.Civ.P. 405(f). Additionally, Rule 440 permits service of "legal papers other than original process" by "mailing a copy to . . . the place of business of the party" or if necessary "to the last known address of the party to be served." Pa.R.Civ.P. 440(a)(2).

Appellant argues that the trial court erred or abused its discretion in denying his Petition to Open. Appellant's Br. at 8-12, 15-18. He asserts that he satisfied the three requirements for a petition to open, contending that (1) he filed the Petition to Open promptly on May 6, 2021, after becoming aware of the entry of default judgment in April 2021; (2) the delay in filing a responsive pleading was reasonable as it resulted from Appellee's failure to serve Appellant properly with either the Writ of Summons or the Second Amended Complaint and because he never received the Ten-Day Notice; and (3) he presented a meritorious defense to Appellee's underlying claims.[5]

Appellant's arguments on the first two prongs hinge upon his contention that the Acceptance of Service signed by Ms. Patel was invalid and that he did not receive proper service of the Writ of Service for purposes of Rule 402(b). Thus, Appellant argues that Rule 440 did not authorize Appellee to serve the Second Amended Complaint on Appellant by mail because Appellee had not first served Appellant with original process under Rule 402. Appellant's Br. at

---

[5] Appellee did not contest, for purposes of the Petition, that Appellant presented a meritorious defense.

8-12. In support for these assertions, Appellant relies upon a self-serving reading of the record, claiming that Ms. Patel was not authorized to accept service and/or that she did not actually sign the document. Appellant's Br. at 8.

Appellant, however, does not confront the trial court's credibility determinations. The court found that Constable Huber credibly testified regarding how he obtained Ms. Patel's signature on the Acceptance of Service form. Tr. Ct. Op. at 9-10. In contrast, the court described Appellant's testimony as "disingenuous[,]" noting that Appellant "was unable to say how or when he or his lawyers first received notice of the lawsuit or how they knew to contact outside counsel to respond." Tr. Ct. Op. at 10-11. The court also found Ms. Patel's testimony "unconvincing[,]" noting that she "had a strong motivation to deny signing the Acceptance of Service." *Id.* at 11. Moreover, the court rejected Appellant's claim that Appellee had not served him by mail with the Second Amended Complaint and Ten-Day Notice, finding it to be "simply not true[,]" in light of the Affidavits of Service filed by Appellee utilizing Appellant's correct address. *Id.* at 13. The trial court opined that Appellant's failure to respond was not due to lack of receipt of the documents but rather "a tactical decision not to respond." *Id.* at 14.

After careful review and with deference to the trial court's credibility determinations, we conclude that the record fully supports the court's findings that Appellee served Appellant with the Reissued Writ of Summons, the Second Amended Complaint, and the Ten-Day Notice. These factual findings

undermine Appellant's Petition to Open because he cannot demonstrate a reasonable excuse for his failure to file responsive pleadings, as is necessary to open a default judgment. Accordingly, we affirm the trial court's denial of Appellant's Petition to Open Default Judgment.

**B.**

Appellant next challenges the denial of his Petition to Strike. "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record [and] may be granted only for a fatal defect or irregularity appearing on the face of the record." ***Digital Commc'ns Warehouse, Inc***, 223 A.3d at 284 (citation omitted). "A fatal defect on the face of the record denies the prothonotary the authority to enter judgment." ***Id.*** at 285. When considering whether to grant a petition to strike judgment, "a court may only look at what was in the record when the judgment was entered." ***Cintas Corp.***, 700 A.2d at 917. As a petition to strike presents a question of law, "our standard of review is *de novo* and our scope of review is plenary*.*" ***Digital Commc'ns Warehouse, Inc.***, 223 A.3d at 284.

Appellant does not reassert the technical challenges to the Acceptance of Service which he raised as fatal defects before the trial court. He instead essentially reframes the arguments set forth above in support of his Petition to Open, asserting the invalidity of the Acceptance of Service based upon the testimony of Appellant and Ms. Patel. Appellant's Br. at 13-14. He contends that the trial court did not have personal jurisdiction over him because Appellee failed to properly serve him with original process pursuant to Rule

402 or file a return of service as required by Rule 405. He claims "[a] default judgment entered without the [c]ourt having jurisdiction over a defendant is an apparent defect on the face of the record." Appellant's Br. at 14.

Appellant does not present a defect on the face of the record as required for a petition to strike, but rather merely reasserts his own factual narrative, which the trial court rejected. As noted, the court concluded that Ms. Patel accepted original service on Appellant's behalf by signing a form that substantially complied with Rule 402(b). The valid Acceptance of Service undermines Appellant's arguments that Appellee failed to provide original service under Rule 402 or file a return of service under Rule 405, as these requirements are inapplicable in cases involving acceptance of service under Rule 402(b). We, therefore, agree with the trial court that Appellant failed to show a defect on the record to support his Petition to Strike.

Accordingly, we conclude that the trial court did not abuse its discretion or commit an error of law in denying Appellant's Petition to Open and/or Strike Default Judgment.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/2/2023