J-S07033-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FIRSTRUST BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL GARY PHINNEY | : | |
| | : | |
| Appellant | : | No. 1286 MDA 2025 |

Appeal from the Order Entered August 18, 2025
In the Court of Common Pleas of York County
Civil Division at No: 2025-SU-001900

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:        **FILED: MARCH 30, 2026**

Carl Gary Phinney (Appellant) appeals from the order denying his petition to open the default judgment obtained by Firstrust Bank (the Bank) in the underlying mortgage foreclosure action.  Upon review, we affirm.

The Bank sought to foreclose on Appellant's residence located at 1236 Midland Avenue, York, Pennsylvania.  The trial court explained:

> On September 30, 2022, [Appellant] and his wife executed a mortgage [with the Bank].  The mortgage secures a note in the amount of $1,516,000.00.  This mortgage is the third mortgage lien on [Appellant's] property in question.  Otherwise, the mortgage is a standard mortgage.  …
>
> [The Bank] filed [a] complaint in mortgage foreclosure on May 22, 2025.  The complaint was properly served upon [Appellant] on May 28, 2025.  [Appellant] did not file any response to the complaint.  On July 9, 2025, default judgment was entered against [Appellant].  [The Bank], according to the docket entries, served [Appellant] with a … notice of default on June 18, 2025, to his address of record.  On July 15, 2025, current counsel entered their appearances on behalf of [Appellant] and also filed a petition to

open judgment. [Appellant] attached his proposed answer as part of the petition, as required by Pa.R.C.P. 237.3(a).

[B]y [o]rder entered August 18, 2025, we denied [Appellant's] petition to open default judgment for one reason; his proposed answer failed to state a meritorious defense.

Trial Court Opinion (TCO), 10/8/25, at 1-2.

On September 15, 2025, Appellant filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement on October 3, 2025. Appellant presents the following issue for review:

Whether the [trial c]ourt erred in denying [Appellant's] petition to open default judgment where [Appellant] filed his petition to open default judgment within ten (10) days of the entry of default judgment and presented the court a meritorious defense[?]

Appellant's Brief at 4.

"The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law." *Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa. Super. 2011). "An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied; or the judgment exercised is manifestly unreasonable; or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused." *Id.*

The Rules of Civil Procedure provide that a "petition for relief from a judgment ... by default ... shall have attached thereto a copy of the complaint, preliminary objections, and/or answer which the petitioner seeks leave to file. All grounds for relief shall be raised in a single petition." Pa.R.C.P. 237.3(a).

- 2 -

"In general, a default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading." *Smith*, 29 A.3d at 25. The trial court cannot open a default judgment based on the "equities" of the case when the defendant has failed to establish all three of the required criteria. *See Myers v. Wells Fargo Bank, N.A*, 986 A.2d 171, 176 (Pa. Super. 2009).

Here, the trial court determined that Appellant failed to establish the second criteria which requires a meritorious defense. Appellant did not deny that he was in default of the mortgage or the amount of the default. Rather, he claimed the Bank had engaged in "aggressive and unnecessary efforts to collect upon a fraudulently-induced loan" related to Appellant's construction business and the business's purchase of its commercial property, "which was only qualified by and through an overinflated appraisal." Petition to Open Default Judgment at 1. Appellant and his construction company financed the purchase of the commercial property with a loan from the Bank which was secured by the mortgage on Appellant's residence. *Id.* at 2. According to Appellant, the fraudulent appraisal "is a sufficient meritorious defense" to show that the loan documents are unenforceable or "significantly reduce the amount of [Appellant's] indebtedness." *Id.* at 7.

The Bank filed a response rejecting Appellant's "mischaracterization of their efforts to collect the outstanding balance" of the mortgage. Bank's Reply to Motion to Open Default Judgment, 8/15/25, at 1. The Bank stated:

> [Appellant] attempts to demonize the [Bank] for enforcing the rights [Appellant] agreed to in the Loan Documents, when in fact it is the [Appellant] who refuses to pay a loan that financed [his] purchase of commercial property that he is presently using to run his business and continues to generate income solely to the detriment of [the Bank].

*Id.* Specifically, the Bank "denied that [Appellant] has set forth a meritorious defense." *Id.* at 8. The Bank stated:

> [Appellant's] entire defense rests on an allegation that he would not have entered into the [l]oan to purchase the Commercial Property had it not been for the appraisal, while attaching the appraisal which includes Addendum #1 in which [Appellant] contractually bound himself to purchase the Commercial Property, which purchase was not conditioned on the appraisal. In fact, the purchase price could not even be adjusted based on the appraised value….

*Id.*

On appeal, Appellant continues to maintain that "[t]his matter involves the Bank's attempt to collect on a fraudulently obtained mortgage." Appellant's Brief at 11. The Bank counters that Appellant's "purported defense … was based entirely on speculation and subjective belief, unsupported by facts or evidence." The Bank's Brief at 7. We agree.

The requirement of a meritorious defense "is only that a defense must be pleaded that if proved at trial would justify relief. The defendant … must set forth the defense in precise, specific and clear terms." *Smith*, 29 A.3d at

26. In **Smith**, we found the appellants failed to present a meritorious defense because they "set forth in their petition conclusions of law and challenges to [a]ppellee's proof," but failed to "set forth a meritorious defense supported by verified allegations of fact." **Id.** at 28.

In this case, the trial court initially observed that Appellant "failed to properly respond to paragraph 11" of the Bank's complaint in mortgage foreclosure, where Appellant replied that the Bank's calculation of the total amount of $1,823,775.76 "currently due and owing" on the mortgage was "a conclusion of law to which no response is required." TCO at 2-3. The court noted that Appellant's answer "failed to deny, and therefore admitted, the amount allegedly owed [to the Bank] under the mortgage." **Id.** at 3. Further, the court reasoned:

> Having reviewed the series of events [Appellant] claims, we find as a matter of law, if true, they do not constitute a defense in a mortgage foreclosure action. [Appellant's] new matter also contains a "catch-all" list of affirmative defenses which are not supported by averments of fact. The catch-all list is so poorly supported paragraph 59 just says "Firstrust". Notwithstanding, by way of further example, [Appellant] claims [the Bank] "is not entitled to the relief requested" without more, "failed to comply with applicable laws and regulations" without more, and that [the Bank] "has failed to join an indispensable party" without more. Such boilerplate, unsupported claims do not amount to a meritorious defense.

**Id.** at 3-4.

Rules of Civil Procedure 1141 to 1150 govern mortgage foreclosure actions. This Court has explained:

- 5 -

> Mortgage foreclosure in Pennsylvania is strictly an *in rem* or "*de terries*" proceeding. Its purpose is solely to effect a judicial sale of the mortgaged property. …
>
> Rule of Civil Procedure 1148, which governs which counterclaims are permissible in a mortgage foreclosure action, states:
>
>> A defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose.
>
> We have held that this rule is to be interpreted narrowly, and only counterclaims that are part of or incident to the creation of the mortgage relationship itself are to be permitted. ***Cunningham v. McWilliams***, 714 A.2d 1054, 1057 (Pa. Super. 1998), *appeal denied*, 557 Pa. 653, 734 A.2d 861 (1999). Therefore, Rule 1148 does not permit a counterclaim arising from a contract related to the mortgage, such as a contract for sale of real property. …
>
> Thus, in Pennsylvania, the scope of a foreclosure action is limited to the subject of the foreclosure, *i.e.*, disposition of property subject to any affirmative defenses to foreclosure or counterclaims arising from the execution of the instrument(s) memorializing the debt and the security interest in the mortgaged property.

***Nicholas v. Hofmann***, 158 A.3d 675, 696-97 (Pa. Super. 2017) (some citations and quotation marks omitted).

The record supports the trial court's conclusion that "the series of events" and "unsupported claims" Appellant raised "do not constitute a defense in a mortgage foreclosure action." TCO at 3-4. In ***Cunningham***, this Court found the appellants' counterclaim regarding "alleged fraudulent misrepresentations which they contend[ed] induced them to enter into a contract for the purchase of the real property" were "precisely the type of counterclaim that is **not** cognizable under Rule 1148." ***Cunningham, supra*** (bold emphasis in original). Accordingly, we cannot conclude that the trial

court abused its discretion in denying Appellant's petition to open the default judgment based on its finding that Appellant failed to establish a meritorious defense.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/30/2026