J-S10006-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| UNIVERSITY OF THE SCIENCES IN PHILADELPHIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALYNNE HANSON | : | |
| Appellant | : | No. 1233 MDA 2025 |

Appeal from the Order Entered August 12, 2025
In the Court of Common Pleas of Lancaster County Civil Division at
No(s): CI-22-07720

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED: MAY 14, 2026**

Appellant, Alynne Hanson, appeals from the August 12, 2025 order entered in the Lancaster County Court of Common Pleas denying, *inter alia*, Appellant's petition to strike and stay execution of a judgment entered against her in student loan litigation brought by Appellee, University of the Sciences in Philadelphia.[1] After careful consideration, we affirm the order.

The relevant factual and procedural history is as follows. In 2001, Appellant entered into a Health Professions Student Loan Program Promissory Note for $2,315.00 ("Note") with Appellee. The Note provides that it "shall be construed according to the Federal statute (42 U.S.C. § 294m-294q) and regulations (42 CFR section 57.201 *et seq.*) governing the administration of the Health Professions Student Loan program[.]" Note at ¶ 14.

_____

[1] As she has throughout this litigation, Appellant appeals *pro se* in this Court.

On December 13, 2022, Appellee filed a complaint seeking to collect the outstanding balance on the 2001 Note plus interest, costs, and attorney fees. In her Answer, Appellant did not address the merits of the complaint but instead asserted that the complaint was untimely based upon the four-year statute of limitations on contracts set forth in 42 Pa.C.S. § 5525(a).

On March 30, 2023, Appellee filed a motion for judgment on the pleadings, emphasizing that Appellant should be deemed to have admitted all factual averments as she had not responded to the merits. Appellee also rejected Appellant's statute of limitations argument, asserting that the Note was subject to the federal General Provisions Relating to Student Assistance Programs, which Appellee asserted exempted actions to collect federal student loan obligations from statutes of limitations, citing 20 U.S.C. § 1091(a). Appellant did not respond.

On June 14, 2023, the court granted Appellee's motion for judgment on the pleadings and awarded Appellee $4,879.25. The court found that, by not denying the factual allegations in the complaint, Appellant had "admitted to executing a promissory note for a $2,315.00 loan in 2001 and failing to make scheduled repayments." Trial Ct. Order, 6/14/23, at 1 n.1. The court further found that "[t]he four-year statute of limitations for contract actions does not apply to loans within the Health Professions Student Loans Program." *Id.* (citing 20 U.S.C. § 1091a). Appellant did not appeal this order.

While Appellee praeciped to enter judgment on September 12, 2023, it did not praecipe for a writ of execution until April 2, 2025.

- 2 -

On July 17, 2025, over 100 days after entry of the writ of execution, Appellant filed a "petition to strike judgment and for stay of execution," reiterating her claim based upon the statute of limitations without addressing the federal provision relied upon by the trial court.

On July 18, 2025, the court entered an order denying Appellant's petition to strike judgment and stay execution finding it "procedurally untimely and substantively unmeritorious." Trial Ct. Order, 7/18/25, at 1 n.1. The court concluded that Appellant's petition was untimely, pursuant to Pa.R.Civ.P. 2959(a)(3), which requires the petitioner, in certain cases, to file the petition to strike off or open a judgment "within thirty days" after service of the writ of execution.[2] *Id.* The Rule provides that "[u]nless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied." Pa.R.Civ.P. 2959(a)(3). The court additionally opined that Appellant's underlying statute of limitations argument was "devoid of merit[,]" for the reasons set forth in its June 14, 2023 order.

On August 6, 2025, Appellant filed a second petition, titled "petition to strike and/or open judgment and for stay of execution." Without development of any argument or citation to relevant authority other than the four-year statute of limitations of 42 Pa.C.S. § 5525(a)(8), Appellant proffered the following four grounds for relief. First, she reiterated her statute of limitation

_____

[2] Specifically, Rule 2959 instructs that "[i]f written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service." Pa.R.Civ.P. 2959(a)(3). At no point has Appellant addressed the applicability of this rule.

- 3 -

argument. Second, she baldly asserted that "[t]he judgment is void due to improper service of process and/or lack of jurisdiction[.]" Petition, 8/6/24 at ¶ (3)(b). Third, she stated "[i]n the alternative, [Appellant] seeks to open the judgment, as there is a meritorious defense to the underlying claim, and the failure to appear was due to excusable neglect or lack of notice." *Id.* at ¶ (3)(c). Finally, she averred that she had "acted promptly and in good faith upon learning of the judgment and resulting execution proceedings." *Id.* at ¶ (3)(d). In so doing, she did not address the court's reasoning in the July 18, 2025 order denying Appellant's first petition to strike.

In a one sentence order entered on August 12, 2025, the court denied Appellant's second petition "for the reasons stated in the court's July 18, 2025 order." Order, 8/12/25. The court did not expressly address the attempted addition of a petition to open judgment.

On September 8, 2025, Appellant filed a notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925, with the trial court relying upon the reasoning of its July 18, 2025 order.

Appellant raises *pro se* the following issues on appeal:

1. Whether the trial court erred in failing to apply the four-year statute of limitations under 42 Pa.C.S. § 5525 to Appellant's private loan[?]

2. Whether the trial court erred in classifying the loan as federal when it was privately issued[?]

3. Whether judgment was entered without proper notice in violation of Pa.R.C[iv].P. 236[?]

- 4 -

Appellant's Br. at 1-2.[3]

Notably, Appellant does not address the threshold issue: whether the trial court erred or abused its discretion in denying her petition to strike the judgment and stay execution and her subsequent petition, which sought also to open the judgment. "Our standard of review from the denial of a petition to strike a judgment is limited to whether the trial court manifestly abused its discretion or committed an error of law." *Vogt v. Liberty Mut. Fire Ins. Co.*, 900 A.2d 912, 915 (Pa. Super. 2006) (citation omitted). "[I]f in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused." *Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa. Super. 2011) (citation omitted).

As noted, in denying relief, the trial court concluded that Appellant untimely filed her petitions to strike and failed to provide a compelling reason for her delay pursuant to Pa.R.Civ.P. 2959(a)(3). Appellant does not respond to, or even acknowledge, the trial court's basis for denying her petitions. Indeed, she does not recognize that her appeal is from the order denying her petition to strike and/or open; rather, she characterizes the August 12, 2025

_____

[3] Appellee claims that this Court does not have jurisdiction over the denial of a motion to strike judgment and stay execution, claiming that it is not a final order. Appellee's Br. at 3. We reject this argument as an appeal may be taken as of right from "[a]n order refusing to open, vacate, or strike off a judgment." Pa.R.A.P. 311(a)(1).

decision as one which "entered judgment in favor" of Appellee. Appellant's Br. at 2. As Appellant fails to address the trial court's reasoning or allege how the court abused its discretion in denying her petitions, she has not presented a claim warranting relief.[4]

We reiterate that while "this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **S.S. v. T.J.**, 212 A.3d 1026, 1032 (Pa. Super. 2019) (citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Coulter v. Ramsden**, 94 A.3d 1080, 1088 (Pa. Super. 2014).

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/14/2026

_____

[4] Moreover, addressing Appellant's third issue, alleging lack of notice of the "April 30th ruling" pursuant to Pa.R.Civ.P. 236, we conclude that Appellant fails to present a viable claim. Appellant's Br. at 12. The record does not contain an "April 30th ruling." If we presume that Appellant intended to reference the June 14, 2023 order granting judgment on the pleadings, we reject Appellant's claim given that the docket indicates that the court provided a Rule 236 notice. Moreover, the docket and record state that the Prothonotary entered judgment on September 12, 2023, and mailed notice of the entry of judgment, pursuant to Rule 236, to Appellant. Appellant fails to refute these entries. Accordingly, this issue warrants no relief.